UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAN GLOBAL, INC., | |
| *Plaintiff,* | |
| v. | No. 22-cv-11732-AK |
| ALCHEMY TELCO SOLUTIONS US, LLC, | |
| *Defendant.* | |
| ALCHEMY TELCO SOLUTIONS US, LLC, | |
| *Plaintiff,* | |
| v. | Related Action: No. 22-cv-11763-AK |
| LAN GLOBAL, INC., | |
| *Defendant.* | |

<u>REPORT AND RECOMMENDATION:</u>
<u>ATTORNEYS' FEES AND COSTS</u>

LEVENSON, U.S.M.J.

<u>INTRODUCTION</u>

Judge Kelley has ruled that Alchemy Telco Solutions US, LLC ("Alchemy") is entitled to

recover from Lan Global, Inc. ("Lan Global") Alchemy's "attorneys' fees expended in defense

of claims brought by Lan Global." *See* 22-cv-11763-AK, Docket No. 82, at 19. This entitlement

is contractual, arising from an indemnification clause in an agreement between the parties. *See*

22-cv-11732-AK, Docket No. 140, at 15–17.[1] The Court has referred to me—for report and recommendation—a final computation of the attorneys' fees and costs[2] to be awarded. *See* Docket No. 158.

In making this recommendation, I have considered the parties' extensive briefing on the subject, including the following submissions:

- Docket No. 148: Alchemy's motion seeking final judgment including attorneys' fees and costs.

- Docket No. 150: Alchemy's memorandum of law in support of its motion, and attachments.

- Docket No. 151: Declaration of Alchemy's counsel, Adam Cashman.

- Docket No. 154: Lan Global's first opposition to the motion.

- Docket No. 155: Affidavit of Lan Global's counsel, Jason W. Morgan, in opposition to the motion.

- Docket No. 156: Affidavit of Lan Global's counsel, Andrew B. Goodman, in opposition to the motion.

- Docket No. 157: Lan Global's evidentiary objections in opposition to the motion.

- Docket No. 162: Alchemy's reply in support of the motion, and attachments.

- Docket No. 163: Declaration of Alchemy's counsel, Adam Cashman.

- Docket No. 168: Declaration of Alchemy's counsel, Adam Cashman, regarding billing records, and attachments (including redacted billing records).

- Docket No. 169: Lan Global's supplemental opposition to the motion.

- Unredacted billing records submitted to me ex parte by Alchemy for in-camera review.

---

[1] Judge Kelley has ordered that "all filings related to the motion for attorneys fees shall be filed in 22-cv-11732." *See* 22-cv-11732-AK, Docket No. 147. In this report, unless otherwise noted, all citations to the docket are citations to 22-cv-11732-AK.

[2] Judge Kelley's order does not expressly reference costs. Both parties appear to accept, quite reasonably, that an order for attorneys' fees includes associated costs.

I convened a status conference with the parties on February 25, 2025. *See* Docket No. 165. Prior to the conference, in briefing opposing Alchemy's motion for fees, Lan Global had objected that Alchemy had not given adequate detail to justify its fees and costs. *See* Docket No. 154, at 2. During the conference, I noted that Lan Global's request for detailed billing records would likely entail some additional work for Alchemy's counsel. *See generally* Docket Nos. 165, 166. I noted that if Lan Global wished to press its request, I would likely treat the attorneys' fees expended responding to the request as fees associated with the defense of the case. I also noted, however, that Alchemy's attorney time spent compiling billing records in connection with a fee petition may be compensated at a reduced billing rate, as such work does not typically entail the same degree of skill as the primary efforts of a party's lawyers. As this report reflects, I have applied both principles here.

## I.    Controlling Principles

### A.    *Division Between Defensive and Affirmative Efforts*

Judge Kelley has found that Alchemy is entitled to indemnification for the expenses incurred in defending itself but not for the expenses incurred prosecuting its own claims against Lan Global. *See* Docket No. 140, at 17. Accordingly, I consider whether the fees and costs Alchemy reported relate to its defensive or affirmative efforts, and I exclude fees and costs for the latter.

### B.    *Lodestar Analysis*[3]

To determine a reasonable fee award, courts typically use the "lodestar method," whereby a court calculates "the number of hours reasonably expended on the litigation multiplied by a

---

[3] Where "the court's jurisdiction is based on diversity of the parties, a district court's award of attorneys' fees is governed by relevant state law." *IOM Corp. v. Brown Forman Corp.*, 627 F.3d

*Footnote continues on following page.*

reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). More specifically, the court takes "the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." *Gay Officers Action League* v. *Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001).

In cases involving fee-shifting statutes, after the initial computation of the lodestar amount, the court typically considers whether it should exercise its discretion to "adjust the lodestar itself, upwards or downwards, based on any of several different factors, including the results obtained and the time and labor actually required for the efficacious handling of the matter." *Torres-Rivera* v. *O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008) (citing *Hensley*, 461 U.S. at 430 n.3). In a case where the attorneys' fees are being awarded based on a contractual right of indemnification, such as the matter at bar, it is difficult to discern a basis for making any such adjustment rather than requiring indemnification for the actual fees and costs incurred.[4]

---

440, 451 (1st Cir. 2010). Throughout this litigation, the parties have treated this matter as governed by Massachusetts law, and the contract at the center of this case indicates that Massachusetts law applies. *See* Docket No. 31, at 9; *cf. In re Newport Plaza Assocs., L.P.*, 985 F.2d 640, 644 (1st Cir. 1993) ("When opposing parties agree to the source of the substantive law that controls their rights and obligations, and no jurisdictional concerns are present, a court is at liberty to accept such an agreement without independent inquiry.").

[4] Where a party is contractually entitled to have its attorneys' fees indemnified, and the contractual provision does not require that the fees be "reasonable," it is not clear that the indemnitor has any grounds to object on the basis of reasonableness. Alchemy has not argued, however, that it is contractually entitled to *all* defensive fees that it incurred; it has, in its own briefing, engaged in the lodestar analysis and argued the reasonableness of the fees incurred. *See* Docket No. 150, at 8–13. Given that the parties have assumed that Alchemy is entitled only to reasonable fees, I have done the same.

Nevertheless, the parties have engaged in a reasonableness analysis and argued on that basis, so my recommendation follows that framework.

As to any potential for upward adjustment, although the result obtained here can only be described as fully successful—in that Alchemy successfully defended against all of Lan Global's claims—there is nothing in the contract that would entitle Alchemy to compensation in excess of its actual costs and attorneys' fees.

## II.    Lan Global's Objections

The Supreme Court long ago cautioned that "[a] request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. With this in mind, I note that the guiding principles here are fairness and practicality.

### A.    *Specificity of Billing Records*

Lan Global advances a variety of objections to Alchemy's attorneys' fees claims, many of which focus on the degree of specificity in Alchemy's submissions. As discussed below, there is merit to a few of these criticisms. For the most part, however, the records are readily decipherable and appear to reflect reasonable staffing and reasonable expenditures of time.

Lan Global complains broadly that Alchemy's records reflect "block billing" and proposes that an across-the-board discount of 20% should be applied to the work of the two main attorneys who represented Alchemy, Adam Cashman (a partner) and Hannah Kramer (an associate).

It is a truism that "block billing" is disfavored. As the First Circuit has noted, "the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir. 1984). While protests of "block billing" are by now ubiquitous in oppositions to fee awards, the term is not a talisman. The question is one of

degree. As the Supreme Court held in *Hensley v. Eckerhart*, "counsel . . . is not required to record in great detail how each minute of his time was expended." 461 U.S. at 437 n.12. Rather, "counsel should identify the general subject matter of his time expenditures." *Id.* The First Circuit has explained that, so long as time entries describe "the kind of activity (e.g., 'spoke w/', 'met w/', 'drafted letter', 'reviewed letter', 'deposition', 'hearing', etc.), as well as the other person or group involved, and, usually, the subject matter (e.g., 'on budget', 'on crisis intervention program', 'on deposition')," the court has "the necessary keys to testing [their] reasonableness." *Brewster v. Dukakis*, 786 F.2d 16, 17–19 (1st Cir. 1986).

The billing entries here satisfy the standard articulated by the First Circuit in *Brewster*. While there are some billing entries that reflect more than one kind of activity during a given time, most of these involve short periods (less than an hour), and virtually all contain clear descriptions of the kind of work being performed. Whether or not such entries might arguably be characterized as "block billing," the records are adequate for the Court to perform its task: to ensure that attorneys' fees are reasonable and awarded only for compensable work.

In a few instances, the documentation that Alchemy has provided does not permit the Court to verify the extent to which non-compensable time (*i.e.*, time spent on Alchemy's affirmative case) has been deducted, since the descriptions have not been adjusted to reflect those deductions. Attorney Cashman writes:

> I have omitted any time entries dedicated to tasks associated exclusively with Alchemy's offensive claims against Lan Global. Where a time or expense entry reflected a mix of time (or expense) incurred in connection with both the offensive and defensive cases, I included in this extract only the fees (or expense) attributable to the defensive case. However, I did not edit the description of the tasks performed, so the time entry descriptions in those cases continue to contain descriptions of tasks that were associated with Alchemy's offensive claims, even though the time associated with those tasks has been removed.

Docket No. 168, ¶ 4.

This is not a typical block billing scenario; Alchemy has not simply tossed out a gross number and left it to the Court to divide the billing between compensable and non-compensable time. On the other hand, Alchemy has not fully showed its work, which leaves the Court unable to verify the discounts Alchemy has applied. To its credit, Lan Global acknowledges that the billings for certain events, such as deposition attendance, have indeed been cut in half. Such a 50-50 split is generous to Lan Global. Given the amorphous nature of Lan Global's claims, which sought to weave unjust enrichment and promissory estoppel claims from scattered evidentiary strands, it is inescapable that more time was spent dealing with Lan Global's affirmative case than with the straightforward breach of contract claim that Alchemy pursued.

Although I have no reason to doubt that Alchemy's fee petition has been discounted to remove expenses associated with affirmative claims against Lan Global, I have applied an additional discount of 5% to the hours billed by Attorneys Cashman and Kramer.[5] Although this shortchanges Alchemy to some degree, it provides a margin of error, which is appropriate given that the Court cannot fully check Alchemy's computations.

## B.    *Deposition Practice*

Discovery in this case involved multiple, prolonged depositions. Lan Global criticizes Alchemy's counsel for conducting depositions in person and for bringing two attorneys to some depositions.

The decision to conduct depositions in person is a strategic choice entrusted to the judgment of counsel—assuming it is a choice at all, given that Federal Rule of Civil Procedure 30(b)(4) only allows remote depositions by court order or mutual stipulation. While there may be

---

[5] In more typical cases of block billing, discounts of 10%, 15%, or more are not uncommon. But, as noted above, those have been applied in situations where there was no previous discount.

cost savings with remote depositions, there may also be good reasons to proceed in person. For example, it may be harder to detect whether a witness who is testifying remotely may be referring to notes or being coached. I see no reason to penalize counsel for following the rules of procedure.

Nor do I see any basis to second guess Alchemy's staffing decisions. When an associate has been entrusted with significant responsibility for a case, it may be more effective, and most economical, to send both attorneys to a deposition, rather than billing—at the partner's higher rate—for the time the partner would need to master everything the associate may have prepared. There is no reason to expect that the Court can improve on the judgments of Alchemy's counsel by micromanaging such choices. For this reason, I do not recommend any reduction to Alchemy's fees associated with conducting and defending depositions in person.

### C.    Explanation of Timekeepers' Roles

Lan Global argues that time billed by individuals whose qualifications and roles in the litigation have not been explained in detail should be entirely disallowed. *See* Docket No. 169, at 3. For the reasons explained below, this is a fair point as to one particular senior lawyer. However, for the various junior lawyers and most of the non-lawyer professionals in question, the materials before the Court are adequate to explain the services they provided, and no such reduction is warranted.

To sort this out, a dramatis personae of the lawyers involved is in order:

The lion's share of the attorney hours in Alchemy's submission are attributable to two lawyers: Mr. Cashman and Ms. Kramer. In total, though, eight lawyers and ten nonlawyers billed time to this matter, according to the detailed billing records filed by Alchemy in March 2025. *See* Docket No. 168-1, at 2–21. In an earlier declaration filed in November 2024, Mr. Cashman listed

six of those attorneys and three paralegals, along with the total time that each of those individuals had billed to the matter thus far. *See* Docket No. 151, ¶ 10.

Mr. Cashman's initial declaration in support of Alchemy's request for attorneys' fees (filed November 21, 2024) enumerated the hours billed for only defensive efforts from the matter's inception through October 31, 2024 (the end date of the most recent invoice available at the time of Mr. Cashman's declaration). *See* Docket No. 151, ¶ 10 & n.3, *see also* Docket No. 150, at 8 & n.3, 10 & n.5. Recently, in response to Lan Global's request for greater specificity, Alchemy submitted detailed billing records reflecting fees and costs for all defensive work performed through March 7, 2025. *See* Docket No. 168, ¶¶ 2–4 (declaration of Mr. Cashman). *See generally* Docket No. 168-1 (hourly billing records and cost breakdown).

For consistency, and because Lan Global has insisted upon a granular review of the fees sought, I have relied on the detailed billing records in calculating the fee award, rather than the summary totals provided with Mr. Cashman's initial declaration.

In his initial declaration, Mr. Cashman reported that, as of October 31, 2024, he had had billed 258 hours and Ms. Kramer had billed 451.9 hours. *See* Docket No. 151, ¶ 10. The declaration also showed that four other lawyers who worked on discrete subparts of the case had billed a cumulative total of 118.5 hours,[6] and that three paralegals had billed 84.6 hours.[7] *See id.*

The detailed billing records reflect that, by March 7, 2025, Mr. Cashman had billed 278.3 hours.[8] *See* Docket No. 168-1, at 2–21. Except for Mr. Cashman, none of the lawyers and

---

[6] Those lawyers were Evan Budaj, Neil Cave, John Rowe, and Yesul Pae.

[7] Those paralegals were Monica Valdivias, Dana Ruiz, and Elaine Suen.

[8] I note that the spreadsheet submitted for in-camera review by Alchemy (a native Excel file version of the billing records filed by Alchemy as a PDF at Docket No. 168-1) contains billing entries showing 257 hours billed by Mr. Cashman before October 31, 2024, instead of the 258

*Footnote continues on following page.*

paralegals mentioned in Mr. Cashman's initial declaration (including Ms. Kramer[9]) billed further hours after October 31, 2024.[10] *See* Docket No. 168-1, at 2–21.

As Lan Global notes, the detailed billing records reflect hours billed by nine professionals who are not referenced in Mr. Cashman's initial declaration. *See* Docket No. 169, at 3 (arguing that, because those individuals are not discussed in Alchemy's moving papers, their time should be excluded). Six of these individuals billed time (a cumulative 8.1 hours) during the period covered by that earlier declaration, but most of the time billed by those nine individuals not referenced in Mr. Cashman's initial declaration was billed after October 31, 2024. The total time billed by these nine individuals is comprised of 55.8 hours billed by two lawyers,[11] and 42.7 hours billed by seven nonlawyers.[12]

---

hours reported in his earlier declaration. *Compare* Docket No. 151, ¶ 10, *with* Docket No. 168-1, at 2–19. This may be an error, or it may reflect that Mr. Cashman identified an additional hour of his work as having been relevant only to Alchemy's affirmative case and omitted that time from his later submission. Regardless, I have used the lower number in calculating the fee award.

[9] Ms. Kramer's last billing entry was on July 2, 2024, so her total hours as reported in Mr. Cashman's initial declaration account for the same time period (ending on July 2, 2024) as her entries in the detailed billing records. *See* Docket No. 168-1, at 18. I note that, as with Mr. Cashman's entries (*see supra* note 8), Ms. Kramer's entries show a slight discrepancy between the sum of her hours in the detailed billing records (451.2 hours) and the hours reported in Mr. Cashman's November 2024 declaration (451.9 hours). *Compare* Docket No. 151, ¶ 10, *with* Docket No. 168-1, at 2–18. This 0.7-hour difference is not material, but I have used the lower number in calculating the fee award.

[10] For three individuals in addition to Mr. Cashman and Ms. Kramer, the detailed billing records showed slightly fewer hours billed than the hours reported in Mr. Cashman's initial declaration. As is the case for Mr. Cashman and Ms. Kramer (*see supra* notes 8 & 9), the discrepancies are minor, and I have used the lower numbers in calculating the fee award. The differences were 1.4 hours for Yesul Pae, 0.4 hours for Monica Valdivias, and 0.3 hours for Dana Ruiz.

[11] Those two lawyers are Douglas Tilley (2.6 hours) and Kevin Opoku-Gyamfi (53.2 hours).

[12] Those seven individuals are Blaine Dillingham (16.7 hours), Cameron Q. Baker (6.7 hours), Dalia Fabius (9.7 hours), Kelsey Fogarty (2 hours), Khadia Okai-Koi (5.8 hours), Meike McCaw (0.6 hours), and Priscilla J. Chau (1.2 hours). I have inferred that they were nonlawyers based on the content of their time entries and their billing rates.

I will presume that Mr. Cashman's omission of the 8.1 hours billed prior to October 31, 2024, by the six professionals who billed time prior to that date but were not mentioned in his initial declaration was intentional—either because those hours were not expended on Alchemy's defensive case or for other reasons.[13] Accordingly, I have omitted those hours from my calculations. This removes all of the billings by one lawyer (Douglas Tilley) and three nonlawyers (Kelsey Fogarty, Meike McCaw, and Priscilla J. Chau).

That leaves us with one lawyer and four nonlawyers whose time appears in Alchemy's detailed billing records for work after October 1, 2024, who are not mentioned in Mr. Cashman's initial declaration, and whose qualifications and roles in the litigation are not detailed outside the billing records themselves.

Lan Global argues that the time billed by these individuals should be disallowed wholesale. *See* Docket No. 169, at 3. But that would elevate form over substance. The material before the Court is mostly "facially self-explanatory" and, in any event, it "contain[s] the necessary keys to testing its reasonableness." *Brewster*, 786 F.2d at 19.

Having disallowed the billings of one lawyer, Douglas Tilley, whose role is not well explained, I am left to consider billings for the other lawyer not mentioned in Mr. Cashman's initial declaration, Kevin Opoku-Gyamfi. Counsel for Lan Global can hardly feign ignorance as to the role or qualifications of Mr. Opoku-Gyamfi, who appeared before the Court for the trial of Alchemy's affirmative case. Mr. Opoku-Gyamfi is an attorney with significant experience. *See* 22-cv-11763-AK, Docket No. 41-2 (exhibit to motion for admission pro hac vice reflecting bar

---

[13] I do not fault Alchemy's counsel for choosing to omit certain work in his initial declaration summarizing the fees sought. If it was counsel's professional judgment that various relatively small amounts of billed time were not worth pursuing, he was not obligated to include them in his motion seeking fees.

admissions in Washington, D.C. in 2017 and New York in 2019). And the nature of his work on Alchemy's defensive case is clear from his billing entries; he handled the research and drafting of the present fee petition. *See* Docket No. 168-1, at 19–21. Mr. Opoku-Gyamfi's billing rate is commensurate with his role as a more junior attorney working at Mr. Cashman's direction. Moreover, as discussed below, I have substantially discounted the billing rates for all work related to the fee petition. There is no need for any further deduction.

As for the remaining four nonlawyers not mentioned in Mr. Cashman's initial declaration, no further reductions are necessary. Notwithstanding Lan Global's protestations to the contrary, there is no good reason to require a party seeking fees to expound upon the role of each paralegal or staff member working on a matter if their work is adequately described in their time entries. The types of tasks delegated to paralegals and similar staff are well understood by lawyers and do not require elaboration beyond the reasonably specific billing entries that Alchemy has provided.

### D.    *Use of Multiple Lawyers*

Lan Global's objections regarding the number of attorneys who worked on the case fall into two categories. *See* Docket No. 154, at 8–11. First, there are instances when multiple attorneys worked on a task that Lan Global asserts could have been handled by a single attorney. *See id.* Second, Lan Global objects to using different junior attorneys for separate discrete assignments. *See id.*

I have reviewed every one of the entries in the billing records submitted by Alchemy. I particularly scrutinized instances where multiple attorneys worked on the same issue, as well as instances where attorneys billed for time spent conferring with one another, and I have removed billings that appear duplicative. As the First Circuit has noted, "[w]here tag teams of attorneys are involved, fee applications should be scrutinized with especial care." *Gay Officers Action*

*League*, 247 F.3d at 298; *see Lipsett v. Blanco*, 975 F.2d 934, 938 (1st Cir. 1992) ("A trial court should ordinarily greet a claim that several lawyers were required to perform a single set of tasks with healthy skepticism."). With this in mind, I have removed all billings for Attorney Douglas Tilley, who bills at a partner's rate and whose efforts appear to duplicate those of Mr. Cashman.

On the other hand, an appropriate division of labor between a lead attorney and more junior lawyers necessarily entails consultation. Accordingly, I recognize that "the mere fact that more than one lawyer toils on the same general task does not necessarily constitute excessive staffing." *Gay Officers Action League*, 247 F.3d at 297; *cf. Thayer v. City of Worcester*, No. 13-cv-40057, 2017 WL 1190366, at *4 (D. Mass. Mar. 29, 2017) ("I would have expected much of the drafting and research to have been done by senior to lower level associates, whose work would then be reviewed and edited by more senior attorneys."). In this case, I note that the aggregate billings are broadly consistent with a division of effort under which initial research and drafting is delegated to associates and their work is reviewed by senior lawyers. Here, the lead attorney (Mr. Cashman) billed roughly half as many hours as his associates (in aggregate).

Although there is not much "piling on" evident in the billing records, there are a few items that should be trimmed. I have, for instance, reduced a billing entry by Ms. Kramer from December 12, 2022, by one hour to deduct time spent preparing a pro hac vice motion, and I have disallowed an entry of hers from December 13, 2022, for time spent relevant to that motion. While time spent on a pro hac vice motion for a second attorney cannot be deemed profligate, it is not strictly necessary.

I have also made the deductions proposed by Lan Global on page 10 of its supplemental opposition, except that I have not deducted 0.3 hours of Ms. Kramer's time spent calling the court about the status of the case. *See* Docket No. 169, at 10. It is reasonable and efficient for a

lawyer to spend a small amount of time to make such a call, instead of taking time to enlist a member of her staff, explain the information she needs, and receive a report from the staff member after the call is made.

Four of the attorneys for Alchemy did work that was limited to specific projects. As Attorney Cashman explains:

> Mr. Budaj and Mr. Rowe were brought in to draft Alchemy's Motion to Strike Lan's improper expert opinions and Alchemy's Response to Lan's Objection to Judge Levenson's R&R Regarding Alchemy's MSJ, two discrete projects that did not require significant (or any) knowledge of the case to perform. Mr. Cave and Ms. Pae provided support with specific legal research issues pertaining to Alchemy's Motion for Summary Judgment, which likewise did not require any case-specific knowledge.

Docket No. 151, ¶ 10 n.1. Lan Global objects to Alchemy having used different junior lawyers for each of these assignments. However, as discussed below, I see no problem with Alchemy's approach. These projects appear to have been discrete and were thus amenable to being delegated to lawyers who did not otherwise have deep familiarity with the case.

### 1. Lawyers

Having spelled out the general contours of my reasoning regarding the use of multiple professionals, I now address each lawyer's work in turn.

#### a.    Adam Cashman and Hannah Kramer

As noted above, I have discounted the hours billed by Attorneys Cashman and Kramer by 5% to give a margin of error to ensure that any work on Alchemy's affirmative case has been deducted from Alchemy's requested costs and fees. I have also discounted or removed some of their individual billing entries, as stated above and as shown in Appendix A to this report.

#### b.    Douglas Tilley

I have disallowed all of Mr. Tilley's time, which was billed before October 31, 2024, and was not explained in Mr. Cashman's initial declaration. Mr. Tilley's billing rate suggests that he

was a partner or similarly senior attorney. His two entries, totaling 2.6 hours in late October 2022, suggest that he discussed litigation strategy with Mr. Cashman. There is, of course, nothing untoward about having multiple senior attorneys weigh in on challenging strategy discussions. Here, though, there is not enough information to ascertain whether Mr. Tilley's efforts were reasonably necessary. Because Mr. Tilley's role was not explained and he is plainly not an associate working at the direction of Mr. Cashman, his time is stricken in its entirety.

### c.    Evan Budaj

The billing entries reflect that Evan Budaj was responsible for briefing *Daubert*-related issues challenging the admissibility of Lan Global's proposal to offer expert testimony by Mr. John Luna and Dr. Zal Phiroz, PhD. Having reviewed all of the parties' briefings on these issues, I note that this was a discrete project that could appropriately be delegated in order to free up time for Attorneys Cashman and Kramer to address depositions and dispositive motions. The time and effort expended on these motions was occasioned by Lan Global's aggressive, and largely unfounded, efforts to offer opinion testimony of minimal to no probative value.[14] Alchemy is entitled to be compensated for the cost of responding to Lan Global's gambit. No discount is required for Attorney Budaj's billings.

### d.    Yesul Pae

Billing records for Yesul Pae reflect that she worked on a subsidiary issue relating to the proposed testimony of Mr. Luna. Specifically, Ms. Pae researched questions regarding the "sham

---

[14] I noted in my report and recommendation that, "[t]o the extent that Mr. Luna's computations rest on Lan Global's untenable assertion that the MPA required Alchemy to procure particular percentages of cosmetic grade smartphones, those computations are devoid of persuasive force." Docket No. 130, at 35. As for Dr. Phiroz, Judge Kelley declined to strike his proposed testimony in its entirety, but affirmed that it was "certainly not admissible as it pertains to the expectations of the parties." Docket No. 140, at 23. Ultimately, Lan Global did not offer testimony from either Mr. Luna or Dr. Phiroz at trial.

affidavit" doctrine. Here, too, Alchemy's efforts were the foreseeable response to Lan Global's pugnacious tactics. Specifically, after Mr. Luna's deposition, Lan Global sought to add—by belated affidavit—additional opinions, which Lan Global had failed to disclose within the deadline for expert discovery. As I noted in my report and recommendation at the time, "Alchemy contends, with some justification, that Lan Global failed to make timely disclosures of certain of Mr. Luna's opinions." Docket No. 130, at 33. I noted as well that "[t]here is a faint odor of sandbagging in Lan Global's handling of its disclosures regarding Mr. Luna." *Id.* at 35.

It was Lan Global's own dubious litigation tactics that gave rise to the "sham affidavit" issue that Ms. Pae was called upon to research. Having flouted the Court's deadlines for expert discovery, it is churlish for Lan Global to now complain about the fees that Alchemy expended in responding to Lan Global's provocation.

### e.    Neil Cave

The billing records reflect that Neil Cave billed time for another discrete project that was occasioned by Lan Global's tactical choices in this case. Specifically, Mr. Cave handled the research and briefing in connection with Lan Global's strenuous efforts to expand the scope of discovery to include Alchemy's dealings with a third party.

Having cobbled together superficially plausible claims based on a theory of unjust enrichment and/or promissory estoppel, Lan Global set about attempting to stretch the scope of discovery to encompass a broad array of materials relating to Alchemy's dealings with Apple Corporation (the underlying contract in this case dealt with sales of used iPhones that Apple had accepted as trade-ins). I permitted some discovery along these lines. *See* Docket No. 68. But even with the benefit of such discovery, Lan Global failed to muster any meaningful support for its unjust enrichment and promissory estoppel claims, which were ultimately dismissed upon summary judgment.

Alchemy's efforts in addressing Lan Global's discovery motions were plainly a reasonable and necessary component of its attorneys' fees.

f.    John Rowe

Lan Global filed comprehensive—and unsuccessful—objections to my report and recommendation on summary judgment. Attorney John Rowe appears to have been delegated much of the responsibility for responding to Lan Global's objections. In complaining that Mr. Rowe's efforts were excessive, Lan Global writes, "Alchemy did not really have to make any new arguments; it was positioned to point to portions of the lengthy Report and Recommendation to explain why there was no clear error." Docket No. 169, at 18.

There is some irony in Lan Global's disparagement of Alchemy's efforts in this regard. Given that a Magistrate Judge's report and recommendation on dispositive motions is subject to de novo review, it is hard to fault Alchemy for taking the briefing seriously.

On the other hand, I find persuasive Lan Global's suggestion that some of the time Mr. Rowe spent on the project may have been disproportionate. Lan Global points out that, because Attorney Cashman moved to a different law firm during the pendency of this case, briefing on the objections was handled by an attorney at Mr. Cashman's new firm who, presumably, lacked familiarity with the matter. *See* Docket No. 169, at 5. Given the nature of the project— addressing objections to a report and recommendation that disposed of Lan Global's claims—it is reasonable to assume that a lawyer who was already familiar with the case might have handled it more efficiently.

As one judge of this Court has pointed out, "time expended by new counsel learning the facts of the case and reviewing the legal proceedings up to that point is redundant and not compensable." *Shea v. Porter*, No. 08-cv-12148, 2015 WL 6126806, at *1 (D. Mass. Oct. 16, 2015). It is not possible to point to specific time entries by Mr. Rowe as work that would have

been unnecessary for counsel familiar with the matter, so I impose a percentage discount. Based on my review of the Alchemy submissions that Mr. Rowe worked on, and on my own knowledge of the matter's complexity, I find that 50% of his billed hours are non-compensable.

g.    Kevin Opoku-Gyamfi

Attorney Kevin Opoku-Gyamfi joined this case in November 2024. Based on his billing entries, on the defensive side of the matter Mr. Opoku-Gyamfi worked almost exclusively on research and drafting for the present fee petition and related briefing. *See* Docket No. 168-1, at 19–21. As I have found above with regard to the work of other lawyers who were delegated discrete projects by Mr. Cashman, this delegation of a portion of the litigation to Mr. Opoku-Gyamfi was entirely appropriate. However, like Mr. Rowe, Mr. Opoku-Gyamfi, as a lawyer at Mr. Cashman's new firm, would have been unfamiliar with the history of the litigation. This unfamiliarity is bound to have caused some degree of inefficiency, so I discount Mr. Opoku-Gyamfi's time accordingly. As discussed below, I have also discounted all attorneys' work specific to the fee petition. I do not stack those discounts. Thus, I discount Mr. Opoku-Gyamfi's billings by 50% to account for his unfamiliarity with the matter and because his work pertained to the fee petition.

2.    *Paralegals*

Lan Global objects to the number of paralegals who worked on different assignments and to their billing rates. There is, however, nothing in the billing records to suggest that paralegals were assigned overlapping or redundant tasks. Unlike attorney assignments, where accumulated familiarity with a case may yield efficiencies, there is no reason to suppose that there was any substantial loss of efficiency in utilizing the services of whichever paralegal may have been available at any given time. As such, I decline to recommend reductions to hours billed by

paralegals or other non-lawyer professionals merely because there were multiple paralegals who worked on the matter.

### E.    Hourly Rates

#### 1.    Attorney Rates

Lan Global challenges the reasonableness of the hourly rates listed by Alchemy's counsel. *See* Docket No. 154, at 5–8. But Lan Global's points of comparison are to attorneys with practice areas and professional credentials that are markedly different from those of Alchemy's attorneys.

Lan Global compares Alchemy's counsel, Adam Cashman, to its own local counsel, Jason Morgan, and quotes rates showing that Mr. Morgan is currently $50 less expensive per hour ($900 per hour for Mr. Cashman versus $850 per hour for Mr. Morgan). *Id.* at 6. The difference in price was greater when both men worked at smaller firms ($750 per hour for Mr. Cashman and $445 per hour for Mr. Morgan), *id.*, but this comparison has little relevance. As Alchemy points out, Mr. Morgan's prior firm is a small "self-described 'local law firm'" that does not claim significant trial expertise, whereas Mr. Cashman's former firm can fairly be described as a boutique intellectual property litigation firm with highly credentialed and experienced litigators. *See* Docket No. 162, at 2–3.

Lan Global uses the same comparison to argue that Ms. Kramer's rate is too high, claiming that an attorney of her experience at Mr. Morgan's prior firm would have billed $325 per hour, *see* Docket No. 154, at 6, instead of the $475 per hour that Ms. Kramer billed Alchemy, *see* Docket No. 151, ¶ 7. This argument, too, is unpersuasive; Ms. Kramer's experience and value in this litigation are not analogous to what an associate from Mr. Morgan's previous firm would have offered.

Aiming to turn the tables on Lan Global's pitch for a lower rate, Alchemy points out some rates charged by Lan Global's counsel. Although Lan Global has provided no information about its counsel's rates in this litigation, it appears that at least one of Lan Global's current attorneys sought court approval (in a different case) for hourly rates similar to those charged by Mr. Cashman and his colleagues. *See* Docket No. 162, at 3–4. While such comparisons are by no means dispositive, it makes a lot more sense to compare Alchemy's lead counsel to Lan Global's lead counsel than to compare Alchemy's lead counsel to Lan Global's local counsel. Alchemy plainly has the better of this exchange.

I find that the rates requested are broadly consistent with those of highly credentialed and experienced "boutique" litigators in Boston. Having observed the in-court performance of counsel and the quality of counsel's written submissions, and having considered the description of lead counsel's experience and background, *see* Docket No. 150, at 8–9, I find that Alchemy's counsel have amply demonstrated the skill and professionalism associated with that high level of practice. *Cf. United States ex rel. Drennen v. Fresenius Med. Care Holdings, Inc.*, No. 09-cv-10179, 2024 WL 2720786, at *3 (D. Mass. May 28, 2024) (accepting a base rate of $950 per hour for relator's counsel in a qui tam action), *appeal dismissed*, No. 24-1612, 2024 WL 5278721 (1st Cir. Oct. 29, 2024). I further find that the hourly rates for associate and counsel attorneys who assisted Mr. Cashman, which are substantially lower than his rate, are appropriate in the context of a boutique litigation firm composed of highly credentialed attorneys.

2.    *Paralegal Rates*

Lan Global complains that Alchemy has not provided "biographies or experience levels" of various paralegals[15] who worked on this matter for Alchemy. Lan Global argues that the Court should reduce the rates charged by those professionals to $100 per hour, a discount of 50% or more for the individuals on whom Lan Global focuses. *See* Docket No. 154, at 7–8.

Lan Global supports its argument with citations to a number of cases from the last decade in which paralegal rates were set between $90 and $125 per hour. *See* Docket No. 154, at 7. I note, however, that none of these cases involved rate reductions of more than $50 per hour. *Cf. Riley v. Mass. Dep't of State Police*, No. 15-cv-14137, 2019 WL 4973956, at *2 (D. Mass. Oct. 8, 2019) (reducing a paralegal rate from $175 per hour to $125 per hour).

Alchemy responds with citations to a case that allowed a rate of $150 per hour (reduced from $200) and to a case that allowed an (uncontested) rate of $220 per hour. *See* Docket No. 162, at 7 n.7; *see also Bixby v. Oliveira*, 744 F. Supp. 3d 84, 95 (D. Mass. 2024) (allowing $150 per hour for paralegal time based on a rate of $200 per hour); *Rosie D. v. Baker*, No. 01-cv-30199 2022 WL 847410, at *4 & n.2 (D. Mass. Mar. 22, 2022) (implying that the parties did not contest the reasonableness of the billed rate of $220 per hour for two paralegals).

To be sure, $250 per hour is a premium rate for paralegal work. It is not, however, out of alignment with the rates of Alchemy's counsel, which I find to be reasonable. Attorney Cashman has attested that the paralegal rates charged are based on the firm's customary rates for established clients. *See* Docket No. 151, ¶ 7. There are, in general, considerable cost savings to

---

[15] As discussed above, the detailed billing records filed by Alchemy reflect billings for multiple nonlawyers, whose rates range between $150 and $250 per hour. *See* Docket No, 168-1, at 2–21; *see also supra* notes 7 & 12 and accompanying text.

be obtained by using paralegals for time-consuming tasks that require patience and attention but not a law degree. I see no basis to second-guess Alchemy's fees in this regard.

### F.    Time Spent on Fee Petitions

In general, a prevailing party is entitled to recover a reasonable amount for preparation of a fee application. *See McCafferty v. Local 254, Serv. Emps. Int'l Union*, 186 F.3d 52, 62 (1st Cir. 1999). "Although compensable, 'time reasonably expended in connection with fee applications . . . often amounts to little more than "documenting what a lawyer did and why he or she did it"' and may therefore 'fairly be compensated at a reduced rate.'" *Norkunas v. Brossi Bros.*, No. 10-cv-11949, 2012 WL 772047, at *7 (D. Mass. Mar. 7, 2012) (alteration in original) (quoting *Brewster*, 3 F.3d at 494); *see Matalon v. Hynnes*, 806 F.3d 627, 639 (1st Cir. 2015) ("[C]ertain components of fee awards (such as work performed in preparing and litigating fee petitions) may be calculated at discounted rates due to the comparative simplicity of the task.").

Because the work on the fee petition did not require the same degree of specialized litigation skill that justifies the usual billing rates of Alchemy's counsel, I have applied a 50% reduction to amounts that have been billed in connection with the motion seeking attorneys' fees. I have not, however, stacked this reduction with other percentage reductions, such as the 5% reduction to all of Mr. Cashman's hours.

### G.    Costs

Lan Global's objections to various costs fall into several categories, which I address in turn:

#### 1.    Document Hosting

Lan Global proposes that document hosting fees should be divided in half because document hosting pertained to both Alchemy's affirmative and defensive efforts. Alchemy has

made precisely such a reduction in the costs it seeks. *See* Docket No. 163, ¶ 3. No further reduction is required.[16]

### 2. *Printing of Digital Files ("Blowback")*

Lan Global contends that printing of digital files was not a necessity, but merely a preference of Alchemy's counsel, so those costs should not be borne by Lan Global. But the question for the Court is whether the cost is reasonable. It is entirely reasonable for an attorney to review key documents on paper if doing so will increase the efficiency of the lawyer's review or improve the result. Having agreed to indemnify Alchemy, Lan Global is in no position to retroactively micromanage the organizational and reviewing habits of opposing counsel.

### 3. *Costs Associated with in In-Person Depositions*

As noted above, Lan Global contends that it was unnecessary to conduct and defend depositions in person. Lan Global seeks, on the basis of this contention, to avoid various costs related to the depositions (including costs of travel, lodging, and shipping copies of exhibits). As noted above, it is reasonable (not to mention customary) to conduct depositions in person. And even when there is an option to depose a witness remotely, it is for counsel to weigh the advantages and disadvantages of doing so. Lan Global is in no position to contest reasonable strategic choices made by opposing counsel in defending against claims brought by Lan Global.

---

[16] I note that the reduction is not explicitly shown on Alchemy's tabulation of costs, *see* Docket No. 168-1, at 22–24, but is noted in Mr. Cashman's January 13, 2025, affidavit, *see* Docket No. 163, ¶ 3. It is clear from the native spreadsheet submitted by Alchemy for in-camera review that most of the costs sought by Alchemy, including all hosting costs, have been reduced by half. Appendix B to this report shows the costs to be awarded and notes for which costs Alchemy only requests partial reimbursement. Lan Global appears not to have noticed that Alchemy made these reductions, and, in its supplemental opposition to the motion seeking fees and costs, Lan Global asks to halve costs that Alchemy has already halved. I have accepted that the parties apparently agree that some costs should be divided evenly, and I recommend awarding the already-halved costs sought by Alchemy.

The range of reasonable tactical and strategic choices is broad, and the Court is ill positioned to second-guess such choices.

### 4.    *Deposition Transcript and Reporting Costs*

Lan Global proposes that deposition transcription and reporting costs associated with the depositions of non-expert witnesses Shawn Mehrian, James Murdock, Gary Noone, and Eric Forster should be halved because the depositions were relevant to both Alchemy's affirmative and defensive efforts. *See* Docket No. 169, at 13. Alchemy's tabulation of its costs already reduces these costs by half. I recommend awarding the costs as sought by Alchemy.

### 5.    *Westlaw Fees*

Lan Global claims, without authority, that "Alchemy's counsel's research fees are not compensable costs and they cite no authority for why they should be." Docket No. 169, at 15. Lan Global offers no good reason why it should be excused from this part of its contractual obligation to indemnify Alchemy for its costs in defending against Lan Global's claims. Alchemy reasonably incurred the costs in question, and I recommend requiring Lan Global to pay them. I note that, with one exception,[17] Alchemy's table of the costs that it seeks to recover reduces all research fees by half. *See* Docket No. 163, ¶ 3.

### 6.    *Costs After September 26, 2024*

Lan Global asserts that the costs Alchemy incurred after the Court's ruling dismissing Lan Global's complaint (September 26, 2024) were not in service of Alchemy's defensive case and, therefore, should not be awarded. *See* Docket No. 169, at 15. The costs that Lan Global seeks to avoid paying under this reasoning are: a transcription cost associated with a status

---

[17] Forty-four dollars paid for a copy of an article referenced in Dr. Phiroz's report.

conference on October 22, 2024; Westlaw research costs; and hosting and other fees charged by United Litigation Discovery. *See id.*; Docket No. 168-1, at 24.

There is no basis for further reducing these costs beyond the 50% discount that Alchemy has already applied. *See* Docket No. 163, ¶ 3. The status conference in question included discussion of the fee petition, and so cannot be said to solely relate to Alchemy's affirmative case. As to the Westlaw fees for October and November 2024, it is not clear that those costs relate exclusively to the affirmative case. Given the timing and the content of the billing entries submitted by Alchemy for those two months, it appears that the costs related to research performed in relation to the fee petition. As such, I recommend no reduction of those costs (beyond discounts that Alchemy has already applied). Finally, as to the hosting costs, maintaining the hosting of documents until a matter is finally resolved (including any fee petitions and potential appeals) is a reasonable and prudent practice. There is no basis for deducting those costs.

### 7.    *Total Costs*

Alchemy seeks costs in the amount of $31,591.31; a request based on a 50% reduction of the majority of the entries in its itemization of costs.[18] I recommend awarding all costs that Alchemy seeks.

---

[18] As shown in Appendix B to this report and recommendation, the native spreadsheet submitted by Alchemy for in-camera review reflects that it incurred total costs in the amount of $52,005.02.

<u>CONCLUSION</u>

For the foregoing reasons, I recommend ALLOWING Alchemy's motion for fees and costs and entering judgment for Alchemy in the amount of $492,510.13 in fees and $31,591.31 in costs, for a total award of $524,101.44.[19]

/s/ Paul G. Levenson
Paul G. Levenson
Dated: April 30, 2025                          U.S. MAGISTRATE JUDGE

---

[19] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b), will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

# APPENDIX A: Fees

This appendix contains all time entries provided by Alchemy in the same order as they appear in Alchemy's filing at Docket No. 168-1, at 2–21. The information in this appendix is taken from the native spreadsheet submitted by Alchemy for in-camera review, so the descriptions of work have been omitted to avoid exposing confidential material redacted by Alchemy in its filing. The Court's recommended deductions of hours and percentage discounts are shown in their own columns, as are brief explanations of deductions and discounts. The five-percent discount applied across the board to the work of Attorneys Cashman and Kramer is shown numerically but not noted in the explanation column.

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 10/19/2022 | Adam Cashman | $750.00 | 1.10 | | $825.00 | $825.00 | 5% | $783.75 | |
| 10/20/2022 | Adam Cashman | $750.00 | 1.20 | | $900.00 | $900.00 | 5% | $855.00 | |
| 10/26/2022 | Adam Cashman | $750.00 | 1.30 | | $975.00 | $975.00 | 5% | $926.25 | |
| 10/26/2022 | Douglas Tilley | $750.00 | 1.00 | | $750.00 | $750.00 | 100% | $0.00 | Need for work not adequately explained. |
| 10/28/2022 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 100% | $0.00 | Conference with lawyer (Mr. Tilley) whose time was disallowed. |
| 10/28/2022 | Douglas Tilley | $750.00 | 1.60 | | $1,200.00 | $1,200.00 | 100% | $0.00 | Need for work not adequately explained. |
| 10/30/2022 | Adam Cashman | $750.00 | 0.70 | | $525.00 | $525.00 | 5% | $498.75 | |
| 11/02/2022 | Adam Cashman | $750.00 | 1.20 | | $900.00 | $900.00 | 5% | $855.00 | |
| 11/03/2022 | Adam Cashman | $750.00 | 1.40 | | $1,050.00 | $1,050.00 | 5% | $997.50 | |
| 11/07/2022 | Adam Cashman | $750.00 | 1.80 | | $1,350.00 | $1,350.00 | 5% | $1,282.50 | |
| 11/17/2022 | Hannah Kramer | $475.00 | 0.30 | | $142.50 | $142.50 | 5% | $135.38 | |
| 11/18/2022 | Hannah Kramer | $475.00 | 1.30 | | $617.50 | $617.50 | 5% | $586.63 | |
| 12/06/2022 | Adam Cashman | $750.00 | 0.30 | | $225.00 | $225.00 | 5% | $213.75 | |
| 12/07/2022 | Adam Cashman | $750.00 | 0.30 | | $225.00 | $225.00 | 5% | $213.75 | |
| 12/07/2022 | Hannah Kramer | $475.00 | 1.30 | | $617.50 | $617.50 | 5% | $586.63 | |
| 12/08/2022 | Adam Cashman | $750.00 | 0.60 | | $450.00 | $450.00 | 5% | $427.50 | |
| 12/09/2022 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |
| 12/09/2022 | Hannah Kramer | $475.00 | 0.80 | | $380.00 | $380.00 | 5% | $361.00 | |
| 12/12/2022 | Hannah Kramer | $475.00 | 2.00 | 1.00 | $950.00 | $475.00 | 5% | $451.25 | Work on pro hac vice motion. |
| 12/13/2022 | Adam Cashman | $750.00 | 0.20 | | $150.00 | $150.00 | 5% | $142.50 | |
| 12/13/2022 | Hannah Kramer | $475.00 | 1.20 | | $570.00 | $570.00 | 100% | $0.00 | Work relevant to pro hac vice motion. |
| 12/15/2022 | Hannah Kramer | $475.00 | 3.40 | | $1,615.00 | $1,615.00 | 5% | $1,534.25 | |
| 01/04/2023 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |
| 01/04/2023 | Hannah Kramer | $475.00 | 4.50 | | $2,137.50 | $2,137.50 | 5% | $2,030.63 | |
| 01/05/2023 | Hannah Kramer | $475.00 | 1.00 | | $475.00 | $475.00 | 5% | $451.25 | |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 01/10/2023 | Adam Cashman | $750.00 | 0.30 | | $225.00 | $225.00 | 100% | $0.00 | Duplicative; clerical work by partner. |
| 01/10/2023 | Hannah Kramer | $475.00 | 0.30 | | $142.50 | $142.50 | 5% | $135.38 | |
| 01/12/2023 | Hannah Kramer | $475.00 | 2.40 | | $1,140.00 | $1,140.00 | 5% | $1,083.00 | |
| 01/13/2023 | Adam Cashman | $750.00 | 0.30 | | $225.00 | $225.00 | 5% | $213.75 | |
| 01/13/2023 | Hannah Kramer | $475.00 | 2.60 | | $1,235.00 | $1,235.00 | 5% | $1,173.25 | |
| 01/17/2023 | Hannah Kramer | $475.00 | 2.00 | | $950.00 | $950.00 | 5% | $902.50 | |
| 01/18/2023 | Adam Cashman | $750.00 | 1.30 | | $975.00 | $975.00 | 5% | $926.25 | |
| 01/18/2023 | Hannah Kramer | $475.00 | 0.40 | | $190.00 | $190.00 | 5% | $180.50 | |
| 01/19/2023 | Adam Cashman | $750.00 | 0.70 | | $525.00 | $525.00 | 5% | $498.75 | |
| 01/20/2023 | Hannah Kramer | $475.00 | 0.60 | | $285.00 | $285.00 | 5% | $270.75 | |
| 01/22/2023 | Hannah Kramer | $475.00 | 0.80 | | $380.00 | $380.00 | 5% | $361.00 | |
| 01/23/2023 | Adam Cashman | $750.00 | 0.60 | | $450.00 | $450.00 | 5% | $427.50 | |
| 01/23/2023 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 01/23/2023 | Monica Valdivias | $250.00 | 0.20 | | $50.00 | $50.00 | | $50.00 | |
| 01/24/2023 | Hannah Kramer | $475.00 | 1.70 | | $807.50 | $807.50 | 5% | $767.13 | |
| 01/25/2023 | Adam Cashman | $750.00 | 1.10 | | $825.00 | $825.00 | 5% | $783.75 | |
| 01/25/2023 | Hannah Kramer | $475.00 | 0.30 | | $142.50 | $142.50 | 5% | $135.38 | |
| 01/25/2023 | Monica Valdivias | $250.00 | 0.60 | | $150.00 | $150.00 | | $150.00 | |
| 01/26/2023 | Adam Cashman | $750.00 | 0.60 | | $450.00 | $450.00 | 5% | $427.50 | |
| 01/30/2023 | Adam Cashman | $750.00 | 0.60 | | $450.00 | $450.00 | 5% | $427.50 | |
| 01/30/2023 | Hannah Kramer | $475.00 | 0.80 | | $380.00 | $380.00 | 5% | $361.00 | |
| 01/31/2023 | Adam Cashman | $750.00 | 0.30 | | $225.00 | $225.00 | 5% | $213.75 | |
| 01/31/2023 | Hannah Kramer | $475.00 | 0.50 | | $237.50 | $237.50 | 5% | $225.63 | |
| 01/31/2023 | Hannah Kramer | $475.00 | 1.70 | | $807.50 | $807.50 | 5% | $767.13 | |
| 02/01/2023 | Adam Cashman | $750.00 | 0.50 | | $375.00 | $375.00 | 5% | $356.25 | |
| 02/02/2023 | Adam Cashman | $750.00 | 0.30 | | $225.00 | $225.00 | 5% | $213.75 | |
| 02/02/2023 | Hannah Kramer | $475.00 | 0.30 | | $142.50 | $142.50 | 5% | $135.38 | |
| 02/02/2023 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 02/03/2023 | Hannah Kramer | $475.00 | 1.20 | | $570.00 | $570.00 | 5% | $541.50 | |
| 02/03/2023 | Monica Valdivias | $250.00 | 0.30 | | $75.00 | $75.00 | | $75.00 | |
| 02/06/2023 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |
| 02/06/2023 | Hannah Kramer | $475.00 | 1.70 | | $807.50 | $807.50 | 5% | $767.13 | |
| 02/06/2023 | Monica Valdivias | $250.00 | 0.50 | | $125.00 | $125.00 | | $125.00 | |
| 02/07/2023 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |
| 02/07/2023 | Hannah Kramer | $475.00 | 1.10 | | $522.50 | $522.50 | 5% | $496.38 | |
| 02/08/2023 | Adam Cashman | $750.00 | 0.20 | | $150.00 | $150.00 | 5% | $142.50 | |
| 02/08/2023 | Hannah Kramer | $475.00 | 1.70 | | $807.50 | $807.50 | 5% | $767.13 | |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 02/08/2023 | Monica Valdivias | $250.00 | 0.70 | | $175.00 | $175.00 | | $175.00 | |
| 02/10/2023 | Adam Cashman | $750.00 | 0.20 | | $150.00 | $150.00 | 5% | $142.50 | |
| 02/10/2023 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 02/13/2023 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |
| 02/13/2023 | Hannah Kramer | $475.00 | 3.60 | | $1,710.00 | $1,710.00 | 5% | $1,624.50 | |
| 02/14/2023 | Hannah Kramer | $475.00 | 0.50 | | $237.50 | $237.50 | 5% | $225.63 | |
| 02/15/2023 | Hannah Kramer | $475.00 | 1.70 | | $807.50 | $807.50 | 5% | $767.13 | |
| 02/16/2023 | Adam Cashman | $750.00 | 0.20 | | $150.00 | $150.00 | 5% | $142.50 | |
| 02/16/2023 | Hannah Kramer | $475.00 | 1.20 | | $570.00 | $570.00 | 5% | $541.50 | |
| 02/20/2023 | Adam Cashman | $750.00 | 0.20 | | $150.00 | $150.00 | 5% | $142.50 | |
| 02/21/2023 | Hannah Kramer | $475.00 | 7.40 | | $3,515.00 | $3,515.00 | 5% | $3,339.25 | |
| 02/22/2023 | Hannah Kramer | $475.00 | 6.20 | | $2,945.00 | $2,945.00 | 5% | $2,797.75 | |
| 02/23/2023 | Hannah Kramer | $475.00 | 6.40 | | $3,040.00 | $3,040.00 | 5% | $2,888.00 | |
| 02/24/2023 | Hannah Kramer | $475.00 | 3.00 | | $1,425.00 | $1,425.00 | 5% | $1,353.75 | |
| 02/25/2023 | Adam Cashman | $750.00 | 1.90 | | $1,425.00 | $1,425.00 | 5% | $1,353.75 | |
| 02/26/2023 | Adam Cashman | $750.00 | 2.70 | | $2,025.00 | $2,025.00 | 5% | $1,923.75 | |
| 02/27/2023 | Adam Cashman | $750.00 | 3.30 | | $2,475.00 | $2,475.00 | 5% | $2,351.25 | |
| 02/27/2023 | Hannah Kramer | $475.00 | 6.50 | | $3,087.50 | $3,087.50 | 5% | $2,933.13 | |
| 02/27/2023 | Monica Valdivias | $250.00 | 1.50 | | $375.00 | $375.00 | | $375.00 | |
| 02/28/2023 | Adam Cashman | $750.00 | 2.30 | | $1,725.00 | $1,725.00 | 5% | $1,638.75 | |
| 02/28/2023 | Hannah Kramer | $475.00 | 4.10 | | $1,947.50 | $1,947.50 | 5% | $1,850.13 | |
| 02/28/2023 | Monica Valdivias | $250.00 | 2.20 | | $550.00 | $550.00 | | $550.00 | |
| 03/02/2023 | Adam Cashman | $750.00 | 0.20 | | $150.00 | $150.00 | 5% | $142.50 | |
| 03/06/2023 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 03/07/2023 | Adam Cashman | $750.00 | 0.20 | | $150.00 | $150.00 | 5% | $142.50 | |
| 03/09/2023 | Hannah Kramer | $475.00 | 2.90 | | $1,377.50 | $1,377.50 | 5% | $1,308.63 | |
| 03/10/2023 | Adam Cashman | $750.00 | 0.20 | | $150.00 | $150.00 | 5% | $142.50 | |
| 03/10/2023 | Hannah Kramer | $475.00 | 0.30 | | $142.50 | $142.50 | 5% | $135.38 | |
| 03/14/2023 | Hannah Kramer | $475.00 | 1.10 | | $522.50 | $522.50 | 5% | $496.38 | |
| 03/15/2023 | Adam Cashman | $750.00 | 0.70 | | $525.00 | $525.00 | 5% | $498.75 | |
| 03/15/2023 | Hannah Kramer | $475.00 | 3.80 | | $1,805.00 | $1,805.00 | 5% | $1,714.75 | |
| 03/16/2023 | Hannah Kramer | $475.00 | 6.20 | | $2,945.00 | $2,945.00 | 5% | $2,797.75 | |
| 03/16/2023 | Monica Valdivias | $250.00 | 0.30 | | $75.00 | $75.00 | | $75.00 | |
| 03/17/2023 | Hannah Kramer | $475.00 | 5.50 | | $2,612.50 | $2,612.50 | 5% | $2,481.88 | |
| 03/18/2023 | Hannah Kramer | $475.00 | 3.50 | | $1,662.50 | $1,662.50 | 5% | $1,579.38 | |
| 03/19/2023 | Hannah Kramer | $475.00 | 2.60 | | $1,235.00 | $1,235.00 | 5% | $1,173.25 | |
| 03/20/2023 | Adam Cashman | $750.00 | 4.40 | | $3,300.00 | $3,300.00 | 5% | $3,135.00 | |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 03/21/2023 | Adam Cashman | $750.00 | 3.40 | | $2,550.00 | $2,550.00 | 5% | $2,422.50 | |
| 03/21/2023 | Dana Ruiz | $250.00 | 0.30 | | $75.00 | $75.00 | | $75.00 | |
| 03/21/2023 | Hannah Kramer | $475.00 | 3.80 | | $1,805.00 | $1,805.00 | 5% | $1,714.75 | |
| 03/22/2023 | Adam Cashman | $750.00 | 2.60 | | $1,950.00 | $1,950.00 | 5% | $1,852.50 | |
| 03/22/2023 | Dana Ruiz | $250.00 | 3.30 | | $825.00 | $825.00 | | $825.00 | |
| 03/22/2023 | Hannah Kramer | $475.00 | 2.70 | | $1,282.50 | $1,282.50 | 5% | $1,218.38 | |
| 03/23/2023 | Dana Ruiz | $250.00 | 1.00 | | $250.00 | $250.00 | | $250.00 | |
| 03/27/2023 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 03/28/2023 | Adam Cashman | $750.00 | 0.20 | | $150.00 | $150.00 | 5% | $142.50 | |
| 03/28/2023 | Hannah Kramer | $475.00 | 2.10 | | $997.50 | $997.50 | 5% | $947.63 | |
| 03/29/2023 | Adam Cashman | $750.00 | 0.20 | | $150.00 | $150.00 | 5% | $142.50 | |
| 03/29/2023 | Hannah Kramer | $475.00 | 3.20 | | $1,520.00 | $1,520.00 | 5% | $1,444.00 | |
| 03/30/2023 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |
| 03/30/2023 | Dana Ruiz | $250.00 | 0.20 | | $50.00 | $50.00 | | $50.00 | |
| 03/30/2023 | Hannah Kramer | $475.00 | 0.80 | | $380.00 | $380.00 | 5% | $361.00 | |
| 03/31/2023 | Adam Cashman | $750.00 | 1.20 | | $900.00 | $900.00 | 5% | $855.00 | |
| 03/31/2023 | Dana Ruiz | $250.00 | 1.10 | | $275.00 | $275.00 | | $275.00 | |
| 03/31/2023 | Hannah Kramer | $475.00 | 1.20 | | $570.00 | $570.00 | 5% | $541.50 | |
| 04/05/2023 | Dana Ruiz | $250.00 | 0.70 | | $175.00 | $175.00 | | $175.00 | |
| 04/05/2023 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 04/07/2023 | Dana Ruiz | $250.00 | 0.40 | | $100.00 | $100.00 | | $100.00 | |
| 04/07/2023 | Hannah Kramer | $475.00 | 1.00 | | $475.00 | $475.00 | 5% | $451.25 | |
| 04/11/2023 | Adam Cashman | $750.00 | 3.30 | | $2,475.00 | $2,475.00 | 5% | $2,351.25 | |
| 04/11/2023 | Hannah Kramer | $475.00 | 0.60 | | $285.00 | $285.00 | 5% | $270.75 | |
| 04/11/2023 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 04/12/2023 | Adam Cashman | $750.00 | 4.20 | | $3,150.00 | $3,150.00 | 5% | $2,992.50 | |
| 04/12/2023 | Hannah Kramer | $475.00 | 0.80 | | $380.00 | $380.00 | 5% | $361.00 | |
| 04/13/2023 | Adam Cashman | $750.00 | 3.70 | | $2,775.00 | $2,775.00 | 5% | $2,636.25 | |
| 04/13/2023 | Hannah Kramer | $475.00 | 0.50 | | $237.50 | $237.50 | 5% | $225.63 | |
| 04/13/2023 | Monica Valdivias | $250.00 | 0.30 | | $75.00 | $75.00 | | $75.00 | |
| 04/14/2023 | Adam Cashman | $750.00 | 0.30 | | $225.00 | $225.00 | 5% | $213.75 | |
| 04/17/2023 | Adam Cashman | $750.00 | 0.30 | | $225.00 | $225.00 | 5% | $213.75 | |
| 04/18/2023 | Dana Ruiz | $250.00 | 0.60 | | $150.00 | $150.00 | | $150.00 | |
| 04/20/2023 | Adam Cashman | $750.00 | 0.30 | | $225.00 | $225.00 | 5% | $213.75 | |
| 04/20/2023 | Hannah Kramer | $475.00 | 0.30 | | $142.50 | $142.50 | 5% | $135.38 | |
| 04/25/2023 | Adam Cashman | $750.00 | 0.30 | | $225.00 | $225.00 | 5% | $213.75 | |
| 04/26/2023 | Adam Cashman | $750.00 | 0.30 | | $225.00 | $225.00 | 5% | $213.75 | |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 04/27/2023 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |
| 05/01/2023 | Dana Ruiz | $250.00 | 0.20 | | $50.00 | $50.00 | | $50.00 | |
| 05/04/2023 | Adam Cashman | $750.00 | 0.20 | | $150.00 | $150.00 | 5% | $142.50 | |
| 05/05/2023 | Adam Cashman | $750.00 | 0.60 | | $450.00 | $450.00 | 5% | $427.50 | |
| 05/05/2023 | Monica Valdivias | $250.00 | 0.20 | | $50.00 | $50.00 | | $50.00 | |
| 05/08/2023 | Adam Cashman | $750.00 | 0.50 | | $375.00 | $375.00 | 5% | $356.25 | |
| 05/08/2023 | Hannah Kramer | $475.00 | 0.30 | | $142.50 | $142.50 | 5% | $135.38 | |
| 05/23/2023 | Hannah Kramer | $475.00 | 1.30 | | $617.50 | $617.50 | 5% | $586.63 | |
| 05/24/2023 | Hannah Kramer | $475.00 | 2.00 | | $950.00 | $950.00 | 5% | $902.50 | |
| 05/25/2023 | Hannah Kramer | $475.00 | 2.60 | | $1,235.00 | $1,235.00 | 5% | $1,173.25 | |
| 05/26/2023 | Hannah Kramer | $475.00 | 3.10 | | $1,472.50 | $1,472.50 | 5% | $1,398.88 | |
| 05/27/2023 | Hannah Kramer | $475.00 | 1.20 | | $570.00 | $570.00 | 5% | $541.50 | |
| 05/28/2023 | Hannah Kramer | $475.00 | 2.20 | | $1,045.00 | $1,045.00 | 5% | $992.75 | |
| 05/30/2023 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |
| 05/31/2023 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 06/01/2023 | Hannah Kramer | $475.00 | 1.00 | | $475.00 | $475.00 | 5% | $451.25 | |
| 06/02/2023 | Hannah Kramer | $475.00 | 2.20 | | $1,045.00 | $1,045.00 | 5% | $992.75 | |
| 06/05/2023 | Hannah Kramer | $475.00 | 1.80 | | $855.00 | $855.00 | 5% | $812.25 | |
| 06/06/2023 | Hannah Kramer | $475.00 | 0.80 | | $380.00 | $380.00 | 5% | $361.00 | |
| 06/06/2023 | Hannah Kramer | $475.00 | 0.50 | | $237.50 | $237.50 | 5% | $225.63 | |
| 06/07/2023 | Dana Ruiz | $250.00 | 0.30 | | $75.00 | $75.00 | | $75.00 | |
| 06/07/2023 | Hannah Kramer | $475.00 | 0.30 | | $142.50 | $142.50 | 5% | $135.38 | |
| 06/13/2023 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 06/20/2023 | Adam Cashman | $750.00 | 0.50 | | $375.00 | $375.00 | 5% | $356.25 | |
| 06/20/2023 | Hannah Kramer | $475.00 | 0.70 | | $332.50 | $332.50 | 5% | $315.88 | |
| 06/23/2023 | Hannah Kramer | $475.00 | 0.80 | | $380.00 | $380.00 | 5% | $361.00 | |
| 06/23/2023 | Monica Valdivias | $250.00 | 0.10 | | $25.00 | $25.00 | | $25.00 | |
| 07/06/2023 | Hannah Kramer | $475.00 | 1.90 | | $902.50 | $902.50 | 5% | $857.38 | |
| 07/08/2023 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |
| 07/12/2023 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |
| 07/14/2023 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 07/17/2023 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |
| 07/17/2023 | Hannah Kramer | $475.00 | 3.00 | | $1,425.00 | $1,425.00 | 5% | $1,353.75 | |
| 07/18/2023 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |
| 07/19/2023 | Hannah Kramer | $475.00 | 0.40 | | $190.00 | $190.00 | 5% | $180.50 | |
| 07/20/2023 | Adam Cashman | $750.00 | 1.20 | | $900.00 | $900.00 | 5% | $855.00 | |
| 07/20/2023 | Hannah Kramer | $475.00 | 2.20 | | $1,045.00 | $1,045.00 | 5% | $992.75 | |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 07/21/2023 | Hannah Kramer | $475.00 | 5.10 | | $2,422.50 | $2,422.50 | 5% | $2,301.38 | |
| 07/24/2023 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |
| 07/24/2023 | Hannah Kramer | $475.00 | 3.70 | | $1,757.50 | $1,757.50 | 5% | $1,669.63 | |
| 07/24/2023 | Monica Valdivias | $250.00 | 0.60 | | $150.00 | $150.00 | | $150.00 | |
| 07/25/2023 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |
| 07/25/2023 | Hannah Kramer | $475.00 | 5.20 | | $2,470.00 | $2,470.00 | 5% | $2,346.50 | |
| 07/25/2023 | Kelsey Fogarty | $200.00 | 0.50 | | $100.00 | $100.00 | 100% | $0.00 | Work prior to 10/31/2024 not mentioned in Mr. Cashman's initial declaration. |
| 07/26/2023 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |
| 07/26/2023 | Hannah Kramer | $475.00 | 5.00 | | $2,375.00 | $2,375.00 | 5% | $2,256.25 | |
| 07/27/2023 | Adam Cashman | $750.00 | 1.40 | | $1,050.00 | $1,050.00 | 5% | $997.50 | |
| 07/27/2023 | Hannah Kramer | $475.00 | 6.60 | | $3,135.00 | $3,135.00 | 5% | $2,978.25 | |
| 07/28/2023 | Hannah Kramer | $475.00 | 7.40 | | $3,515.00 | $3,515.00 | 5% | $3,339.25 | |
| 07/29/2023 | Adam Cashman | $750.00 | 3.80 | | $2,850.00 | $2,850.00 | 5% | $2,707.50 | |
| 07/29/2023 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 07/31/2023 | Adam Cashman | $750.00 | 1.30 | | $975.00 | $975.00 | 5% | $926.25 | |
| 07/31/2023 | Hannah Kramer | $475.00 | 6.20 | | $2,945.00 | $2,945.00 | 5% | $2,797.75 | |
| 08/01/2023 | Adam Cashman | $750.00 | 1.80 | | $1,350.00 | $1,350.00 | 5% | $1,282.50 | |
| 08/01/2023 | Hannah Kramer | $475.00 | 5.20 | | $2,470.00 | $2,470.00 | 5% | $2,346.50 | |
| 08/02/2023 | Adam Cashman | $750.00 | 2.70 | | $2,025.00 | $2,025.00 | 5% | $1,923.75 | |
| 08/02/2023 | Dana Ruiz | $250.00 | 5.40 | | $1,350.00 | $1,350.00 | | $1,350.00 | |
| 08/02/2023 | Hannah Kramer | $475.00 | 4.20 | | $1,995.00 | $1,995.00 | 5% | $1,895.25 | |
| 08/03/2023 | Adam Cashman | $750.00 | 1.10 | | $825.00 | $825.00 | 5% | $783.75 | |
| 08/03/2023 | Dana Ruiz | $250.00 | 2.40 | | $600.00 | $600.00 | | $600.00 | |
| 08/03/2023 | Hannah Kramer | $475.00 | 2.20 | | $1,045.00 | $1,045.00 | 5% | $992.75 | |
| 08/04/2023 | Dana Ruiz | $250.00 | 1.20 | | $300.00 | $300.00 | | $300.00 | |
| 08/04/2023 | Hannah Kramer | $475.00 | 0.90 | | $427.50 | $427.50 | 5% | $406.13 | |
| 08/07/2023 | Adam Cashman | $750.00 | 2.10 | | $1,575.00 | $1,575.00 | 5% | $1,496.25 | |
| 08/07/2023 | Hannah Kramer | $475.00 | 1.20 | | $570.00 | $570.00 | 5% | $541.50 | |
| 08/07/2023 | Monica Valdivias | $250.00 | 0.30 | | $75.00 | $75.00 | | $75.00 | |
| 08/08/2023 | Adam Cashman | $750.00 | 1.90 | | $1,425.00 | $1,425.00 | 5% | $1,353.75 | |
| 08/08/2023 | Hannah Kramer | $475.00 | 0.70 | | $332.50 | $332.50 | 5% | $315.88 | |
| 08/09/2023 | Adam Cashman | $750.00 | 1.30 | | $975.00 | $975.00 | 5% | $926.25 | |
| 08/09/2023 | Dana Ruiz | $250.00 | 0.20 | | $50.00 | $50.00 | | $50.00 | |
| 08/09/2023 | Hannah Kramer | $475.00 | 2.60 | | $1,235.00 | $1,235.00 | 5% | $1,173.25 | |
| 08/09/2023 | Kelsey Fogarty | $200.00 | 0.50 | | $100.00 | $100.00 | 100% | $0.00 | Work prior to 10/31/2024 not mentioned in Mr. Cashman's initial declaration. |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 08/10/2023 | Hannah Kramer | $475.00 | 2.20 | | $1,045.00 | $1,045.00 | 5% | $992.75 | |
| 08/11/2023 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |
| 08/11/2023 | Hannah Kramer | $475.00 | 0.90 | | $427.50 | $427.50 | 5% | $406.13 | |
| 08/11/2023 | Kelsey Fogarty | $200.00 | 1.00 | | $200.00 | $200.00 | 100% | $0.00 | Work prior to 10/31/2024 not mentioned in Mr. Cashman's initial declaration. |
| 08/14/2023 | Adam Cashman | $750.00 | 1.60 | | $1,200.00 | $1,200.00 | 5% | $1,140.00 | |
| 08/14/2023 | Hannah Kramer | $475.00 | 1.60 | | $760.00 | $760.00 | 5% | $722.00 | |
| 08/15/2023 | Adam Cashman | $750.00 | 1.80 | | $1,350.00 | $1,350.00 | 5% | $1,282.50 | |
| 08/15/2023 | Hannah Kramer | $475.00 | 1.90 | | $902.50 | $902.50 | 5% | $857.38 | |
| 08/16/2023 | Adam Cashman | $750.00 | 0.50 | | $375.00 | $375.00 | 5% | $356.25 | |
| 08/16/2023 | Dana Ruiz | $250.00 | 0.30 | | $75.00 | $75.00 | | $75.00 | |
| 08/16/2023 | Hannah Kramer | $475.00 | 0.90 | | $427.50 | $427.50 | 5% | $406.13 | |
| 08/16/2023 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 08/17/2023 | Adam Cashman | $750.00 | 1.40 | | $1,050.00 | $1,050.00 | 5% | $997.50 | |
| 08/18/2023 | Adam Cashman | $750.00 | 1.10 | | $825.00 | $825.00 | 5% | $783.75 | |
| 08/18/2023 | Dana Ruiz | $250.00 | 0.30 | | $75.00 | $75.00 | | $75.00 | |
| 08/18/2023 | Hannah Kramer | $475.00 | 1.60 | | $760.00 | $760.00 | 5% | $722.00 | |
| 08/19/2023 | Adam Cashman | $750.00 | 0.70 | | $525.00 | $525.00 | 5% | $498.75 | |
| 08/19/2023 | Hannah Kramer | $475.00 | 0.70 | | $332.50 | $332.50 | 5% | $315.88 | |
| 08/20/2023 | Hannah Kramer | $475.00 | 1.20 | | $570.00 | $570.00 | 5% | $541.50 | |
| 08/21/2023 | Adam Cashman | $750.00 | 0.60 | | $450.00 | $450.00 | 5% | $427.50 | |
| 08/21/2023 | Dana Ruiz | $250.00 | 0.10 | | $25.00 | $25.00 | | $25.00 | |
| 08/21/2023 | Hannah Kramer | $475.00 | 3.80 | | $1,805.00 | $1,805.00 | 5% | $1,714.75 | |
| 08/22/2023 | Adam Cashman | $750.00 | 0.90 | | $675.00 | $675.00 | 5% | $641.25 | |
| 08/22/2023 | Dana Ruiz | $250.00 | 0.20 | | $50.00 | $50.00 | | $50.00 | |
| 08/22/2023 | Hannah Kramer | $475.00 | 1.90 | | $902.50 | $902.50 | 5% | $857.38 | |
| 08/23/2023 | Adam Cashman | $750.00 | 0.30 | | $225.00 | $225.00 | 5% | $213.75 | |
| 08/23/2023 | Dana Ruiz | $250.00 | 0.50 | | $125.00 | $125.00 | | $125.00 | |
| 08/23/2023 | Hannah Kramer | $475.00 | 0.60 | | $285.00 | $285.00 | 5% | $270.75 | |
| 08/24/2023 | Dana Ruiz | $250.00 | 0.70 | | $175.00 | $175.00 | | $175.00 | |
| 08/25/2023 | Adam Cashman | $750.00 | 0.20 | | $150.00 | $150.00 | 5% | $142.50 | |
| 08/28/2023 | Adam Cashman | $750.00 | 0.20 | | $150.00 | $150.00 | 5% | $142.50 | |
| 08/29/2023 | Hannah Kramer | $475.00 | 0.90 | | $427.50 | $427.50 | 5% | $406.13 | |
| 08/30/2023 | Adam Cashman | $750.00 | 0.20 | | $150.00 | $150.00 | 5% | $142.50 | |
| 08/31/2023 | Adam Cashman | $750.00 | 0.70 | | $525.00 | $525.00 | 5% | $498.75 | |
| 09/05/2023 | Adam Cashman | $750.00 | 0.70 | | $525.00 | $525.00 | 5% | $498.75 | |
| 09/05/2023 | Hannah Kramer | $475.00 | 0.80 | | $380.00 | $380.00 | 5% | $361.00 | |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 09/06/2023 | Adam Cashman | $750.00 | 0.70 | | $525.00 | $525.00 | 5% | $498.75 | |
| 09/07/2023 | Hannah Kramer | $475.00 | 1.50 | | $712.50 | $712.50 | 5% | $676.88 | |
| 09/08/2023 | Hannah Kramer | $475.00 | 3.40 | | $1,615.00 | $1,615.00 | 5% | $1,534.25 | |
| 09/11/2023 | Hannah Kramer | $475.00 | 2.10 | | $997.50 | $997.50 | 5% | $947.63 | |
| 09/12/2023 | Adam Cashman | $750.00 | 1.60 | | $1,200.00 | $1,200.00 | 5% | $1,140.00 | |
| 09/12/2023 | Hannah Kramer | $475.00 | 2.80 | | $1,330.00 | $1,330.00 | 5% | $1,263.50 | |
| 09/13/2023 | Adam Cashman | $750.00 | 2.00 | | $1,500.00 | $1,500.00 | 5% | $1,425.00 | |
| 09/13/2023 | Hannah Kramer | $475.00 | 2.10 | | $997.50 | $997.50 | 5% | $947.63 | |
| 09/14/2023 | Adam Cashman | $750.00 | 1.80 | | $1,350.00 | $1,350.00 | 5% | $1,282.50 | |
| 09/14/2023 | Hannah Kramer | $475.00 | 4.20 | | $1,995.00 | $1,995.00 | 5% | $1,895.25 | |
| 09/14/2023 | Monica Valdivias | $250.00 | 0.50 | | $125.00 | $125.00 | | $125.00 | |
| 09/15/2023 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |
| 09/15/2023 | Hannah Kramer | $475.00 | 2.10 | | $997.50 | $997.50 | 5% | $947.63 | |
| 09/15/2023 | Hannah Kramer | $475.00 | 0.70 | | $332.50 | $332.50 | 5% | $315.88 | |
| 09/17/2023 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |
| 09/17/2023 | Hannah Kramer | $475.00 | 1.90 | | $902.50 | $902.50 | 5% | $857.38 | |
| 09/18/2023 | Dana Ruiz | $250.00 | 0.10 | | $25.00 | $25.00 | | $25.00 | |
| 09/18/2023 | Hannah Kramer | $475.00 | 0.60 | | $285.00 | $285.00 | 5% | $270.75 | |
| 09/18/2023 | Monica Valdivias | $250.00 | 0.30 | | $75.00 | $75.00 | | $75.00 | |
| 09/18/2023 | Neil Cave | $650.00 | 1.80 | | $1,170.00 | $1,170.00 | | $1,170.00 | |
| 09/19/2023 | Hannah Kramer | $475.00 | 0.80 | | $380.00 | $380.00 | 5% | $361.00 | |
| 09/19/2023 | Neil Cave | $650.00 | 2.20 | | $1,430.00 | $1,430.00 | | $1,430.00 | |
| 09/20/2023 | Dana Ruiz | $250.00 | 0.70 | | $175.00 | $175.00 | | $175.00 | |
| 09/20/2023 | Hannah Kramer | $475.00 | 1.90 | | $902.50 | $902.50 | 5% | $857.38 | |
| 09/20/2023 | Monica Valdivias | $250.00 | 0.20 | | $50.00 | $50.00 | | $50.00 | |
| 09/21/2023 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 09/26/2023 | Hannah Kramer | $475.00 | 0.60 | | $285.00 | $285.00 | 5% | $270.75 | |
| 09/27/2023 | Adam Cashman | $750.00 | 2.40 | | $1,800.00 | $1,800.00 | 5% | $1,710.00 | |
| 09/27/2023 | Hannah Kramer | $475.00 | 0.80 | | $380.00 | $380.00 | 5% | $361.00 | |
| 09/27/2023 | Monica Valdivias | $250.00 | 0.40 | | $100.00 | $100.00 | | $100.00 | |
| 09/27/2023 | Neil Cave | $650.00 | 2.40 | | $1,560.00 | $1,560.00 | | $1,560.00 | |
| 09/28/2023 | Adam Cashman | $750.00 | 3.10 | | $2,325.00 | $2,325.00 | 5% | $2,208.75 | |
| 09/28/2023 | Hannah Kramer | $475.00 | 1.10 | | $522.50 | $522.50 | 5% | $496.38 | |
| 09/29/2023 | Adam Cashman | $750.00 | 1.80 | | $1,350.00 | $1,350.00 | 5% | $1,282.50 | |
| 09/29/2023 | Hannah Kramer | $475.00 | 2.20 | | $1,045.00 | $1,045.00 | 5% | $992.75 | |
| 09/29/2023 | Neil Cave | $650.00 | 2.10 | | $1,365.00 | $1,365.00 | | $1,365.00 | |
| 10/01/2023 | Adam Cashman | $750.00 | 2.40 | | $1,800.00 | $1,800.00 | 5% | $1,710.00 | |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 10/01/2023 | Hannah Kramer | $475.00 | 1.20 | | $570.00 | $570.00 | 5% | $541.50 | |
| 10/02/2023 | Adam Cashman | $750.00 | 4.40 | | $3,300.00 | $3,300.00 | 5% | $3,135.00 | |
| 10/02/2023 | Hannah Kramer | $475.00 | 2.20 | | $1,045.00 | $1,045.00 | 5% | $992.75 | |
| 10/02/2023 | Neil Cave | $650.00 | 2.50 | | $1,625.00 | $1,625.00 | | $1,625.00 | |
| 10/03/2023 | Adam Cashman | $750.00 | 1.20 | | $900.00 | $900.00 | 5% | $855.00 | |
| 10/03/2023 | Hannah Kramer | $475.00 | 1.80 | | $855.00 | $855.00 | 5% | $812.25 | |
| 10/03/2023 | Neil Cave | $650.00 | 2.30 | | $1,495.00 | $1,495.00 | | $1,495.00 | |
| 10/04/2023 | Adam Cashman | $750.00 | 1.40 | | $1,050.00 | $1,050.00 | 5% | $997.50 | |
| 10/04/2023 | Hannah Kramer | $475.00 | 3.10 | | $1,472.50 | $1,472.50 | 5% | $1,398.88 | |
| 10/04/2023 | Neil Cave | $650.00 | 2.50 | | $1,625.00 | $1,625.00 | | $1,625.00 | |
| 10/05/2023 | Adam Cashman | $750.00 | 1.70 | | $1,275.00 | $1,275.00 | 5% | $1,211.25 | |
| 10/05/2023 | Hannah Kramer | $475.00 | 2.90 | | $1,377.50 | $1,377.50 | 5% | $1,308.63 | |
| 10/05/2023 | Neil Cave | $650.00 | 1.80 | | $1,170.00 | $1,170.00 | | $1,170.00 | |
| 10/06/2023 | Adam Cashman | $750.00 | 1.60 | | $1,200.00 | $1,200.00 | 5% | $1,140.00 | |
| 10/06/2023 | Hannah Kramer | $475.00 | 0.30 | | $142.50 | $142.50 | 5% | $135.38 | |
| 10/06/2023 | Monica Valdivias | $250.00 | 1.00 | | $250.00 | $250.00 | | $250.00 | |
| 10/06/2023 | Neil Cave | $650.00 | 3.60 | | $2,340.00 | $2,340.00 | | $2,340.00 | |
| 10/08/2023 | Hannah Kramer | $475.00 | 2.30 | | $1,092.50 | $1,092.50 | 5% | $1,037.88 | |
| 10/09/2023 | Adam Cashman | $750.00 | 3.70 | | $2,775.00 | $2,775.00 | 5% | $2,636.25 | |
| 10/09/2023 | Hannah Kramer | $475.00 | 1.50 | | $712.50 | $712.50 | 5% | $676.88 | |
| 10/09/2023 | Neil Cave | $650.00 | 1.80 | | $1,170.00 | $1,170.00 | | $1,170.00 | |
| 10/10/2023 | Adam Cashman | $750.00 | 4.20 | | $3,150.00 | $3,150.00 | 5% | $2,992.50 | |
| 10/10/2023 | Hannah Kramer | $475.00 | 1.90 | | $902.50 | $902.50 | 5% | $857.38 | |
| 10/10/2023 | Monica Valdivias | $250.00 | 0.10 | | $25.00 | $25.00 | | $25.00 | |
| 10/10/2023 | Neil Cave | $650.00 | 3.30 | | $2,145.00 | $2,145.00 | | $2,145.00 | |
| 10/11/2023 | Adam Cashman | $750.00 | 6.40 | | $4,800.00 | $4,800.00 | 5% | $4,560.00 | |
| 10/11/2023 | Monica Valdivias | $250.00 | 0.30 | | $75.00 | $75.00 | | $75.00 | |
| 10/11/2023 | Neil Cave | $650.00 | 1.90 | | $1,235.00 | $1,235.00 | | $1,235.00 | |
| 10/12/2023 | Monica Valdivias | $250.00 | 0.20 | | $50.00 | $50.00 | | $50.00 | |
| 10/12/2023 | Neil Cave | $650.00 | 0.80 | | $520.00 | $520.00 | | $520.00 | |
| 10/13/2023 | Hannah Kramer | $475.00 | 3.80 | | $1,805.00 | $1,805.00 | 5% | $1,714.75 | |
| 10/13/2023 | Monica Valdivias | $250.00 | 2.00 | | $500.00 | $500.00 | | $500.00 | |
| 10/13/2023 | Neil Cave | $650.00 | 1.40 | | $910.00 | $910.00 | | $910.00 | |
| 10/19/2023 | Adam Cashman | $750.00 | 3.40 | | $2,550.00 | $2,550.00 | 5% | $2,422.50 | |
| 10/20/2023 | Adam Cashman | $750.00 | 3.90 | | $2,925.00 | $2,925.00 | 5% | $2,778.75 | |
| 10/20/2023 | Hannah Kramer | $475.00 | 0.80 | | $380.00 | $380.00 | 5% | $361.00 | |
| 10/23/2023 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 10/23/2023 | Dana Ruiz | $250.00 | 1.60 | | $400.00 | $400.00 | | $400.00 | |
| 10/23/2023 | Hannah Kramer | $475.00 | 1.20 | | $570.00 | $570.00 | 5% | $541.50 | |
| 10/23/2023 | Monica Valdivias | $250.00 | 0.20 | | $50.00 | $50.00 | | $50.00 | |
| 10/24/2023 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |
| 10/24/2023 | Dana Ruiz | $250.00 | 0.40 | | $100.00 | $100.00 | | $100.00 | |
| 10/24/2023 | Hannah Kramer | $475.00 | 1.50 | | $712.50 | $712.50 | 5% | $676.88 | |
| 10/25/2023 | Hannah Kramer | $475.00 | 0.50 | | $237.50 | $237.50 | 5% | $225.63 | |
| 10/26/2023 | Adam Cashman | $750.00 | 1.90 | | $1,425.00 | $1,425.00 | 5% | $1,353.75 | |
| 10/26/2023 | Hannah Kramer | $475.00 | 1.20 | | $570.00 | $570.00 | 5% | $541.50 | |
| 10/27/2023 | Adam Cashman | $750.00 | 2.70 | | $2,025.00 | $2,025.00 | 5% | $1,923.75 | |
| 10/30/2023 | Adam Cashman | $750.00 | 0.30 | | $225.00 | $225.00 | 5% | $213.75 | |
| 10/31/2023 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |
| 10/31/2023 | Hannah Kramer | $475.00 | 1.10 | | $522.50 | $522.50 | 5% | $496.38 | |
| 11/01/2023 | Adam Cashman | $750.00 | 1.40 | | $1,050.00 | $1,050.00 | 5% | $997.50 | |
| 11/01/2023 | Hannah Kramer | $475.00 | 1.60 | | $760.00 | $760.00 | 5% | $722.00 | |
| 11/02/2023 | Adam Cashman | $750.00 | 1.90 | | $1,425.00 | $1,425.00 | 5% | $1,353.75 | |
| 11/02/2023 | Hannah Kramer | $475.00 | 1.20 | | $570.00 | $570.00 | 5% | $541.50 | |
| 11/02/2023 | Monica Valdivias | $250.00 | 0.10 | | $25.00 | $25.00 | | $25.00 | |
| 11/06/2023 | Adam Cashman | $750.00 | 0.70 | | $525.00 | $525.00 | 5% | $498.75 | |
| 11/06/2023 | Hannah Kramer | $475.00 | 4.90 | | $2,327.50 | $2,327.50 | 5% | $2,211.13 | |
| 11/07/2023 | Adam Cashman | $750.00 | 0.60 | | $450.00 | $450.00 | 5% | $427.50 | |
| 11/07/2023 | Hannah Kramer | $475.00 | 0.70 | | $332.50 | $332.50 | 5% | $315.88 | |
| 11/13/2023 | Hannah Kramer | $475.00 | 0.60 | | $285.00 | $285.00 | 5% | $270.75 | |
| 11/15/2023 | Adam Cashman | $750.00 | 0.50 | | $375.00 | $375.00 | 5% | $356.25 | |
| 11/15/2023 | Hannah Kramer | $475.00 | 1.10 | | $522.50 | $522.50 | 5% | $496.38 | |
| 11/16/2023 | Monica Valdivias | $250.00 | 0.50 | | $125.00 | $125.00 | | $125.00 | |
| 11/17/2023 | Adam Cashman | $750.00 | 0.50 | | $375.00 | $375.00 | 5% | $356.25 | |
| 11/27/2023 | Hannah Kramer | $475.00 | 1.60 | | $760.00 | $760.00 | 5% | $722.00 | |
| 11/28/2023 | Hannah Kramer | $475.00 | 0.50 | | $237.50 | $237.50 | 5% | $225.63 | |
| 12/04/2023 | Hannah Kramer | $475.00 | 1.40 | | $665.00 | $665.00 | 5% | $631.75 | |
| 12/05/2023 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |
| 12/07/2023 | Elaine Suen | $200.00 | 0.60 | | $120.00 | $120.00 | | $120.00 | |
| 12/08/2023 | Adam Cashman | $750.00 | 0.70 | | $525.00 | $525.00 | 5% | $498.75 | |
| 12/11/2023 | Adam Cashman | $750.00 | 0.90 | | $675.00 | $675.00 | 5% | $641.25 | |
| 12/12/2023 | Adam Cashman | $750.00 | 2.20 | | $1,650.00 | $1,650.00 | 5% | $1,567.50 | |
| 12/12/2023 | Hannah Kramer | $475.00 | 0.40 | | $190.00 | $190.00 | 5% | $180.50 | |
| 12/14/2023 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 12/14/2023 | Hannah Kramer | $475.00 | 0.50 | | $237.50 | $237.50 | 5% | $225.63 | |
| 12/15/2023 | Adam Cashman | $750.00 | 3.30 | | $2,475.00 | $2,475.00 | 5% | $2,351.25 | |
| 12/15/2023 | Elaine Suen | $200.00 | 0.50 | | $100.00 | $100.00 | | $100.00 | |
| 12/17/2023 | Hannah Kramer | $475.00 | 0.70 | | $332.50 | $332.50 | 5% | $315.88 | |
| 12/18/2023 | Adam Cashman | $750.00 | 2.20 | | $1,650.00 | $1,650.00 | 5% | $1,567.50 | |
| 12/18/2023 | Elaine Suen | $200.00 | 2.00 | | $400.00 | $400.00 | | $400.00 | |
| 12/18/2023 | Hannah Kramer | $475.00 | 1.40 | | $665.00 | $665.00 | 5% | $631.75 | |
| 12/19/2023 | Adam Cashman | $750.00 | 1.40 | | $1,050.00 | $1,050.00 | 5% | $997.50 | |
| 12/19/2023 | Elaine Suen | $200.00 | 0.20 | | $40.00 | $40.00 | | $40.00 | |
| 12/19/2023 | Hannah Kramer | $475.00 | 1.00 | | $475.00 | $475.00 | 5% | $451.25 | |
| 12/21/2023 | Monica Valdivias | $250.00 | 0.50 | | $125.00 | $125.00 | | $125.00 | |
| 01/08/2024 | Hannah Kramer | $475.00 | 2.70 | | $1,282.50 | $1,282.50 | 5% | $1,218.38 | |
| 01/11/2024 | Hannah Kramer | $475.00 | 5.20 | | $2,470.00 | $2,470.00 | 5% | $2,346.50 | |
| 01/12/2024 | Hannah Kramer | $475.00 | 0.60 | | $285.00 | $285.00 | 5% | $270.75 | |
| 01/14/2024 | Hannah Kramer | $475.00 | 3.20 | | $1,520.00 | $1,520.00 | 5% | $1,444.00 | |
| 01/15/2024 | Hannah Kramer | $475.00 | 6.70 | | $3,182.50 | $3,182.50 | 5% | $3,023.38 | |
| 01/16/2024 | Adam Cashman | $750.00 | 0.70 | | $525.00 | $525.00 | 5% | $498.75 | |
| 01/16/2024 | Yesul Pae | $405.00 | 1.50 | | $607.50 | $607.50 | | $607.50 | |
| 01/17/2024 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |
| 01/17/2024 | Hannah Kramer | $475.00 | 2.40 | | $1,140.00 | $1,140.00 | 5% | $1,083.00 | |
| 01/18/2024 | Adam Cashman | $750.00 | 0.70 | | $525.00 | $525.00 | 5% | $498.75 | |
| 01/19/2024 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |
| 01/19/2024 | Elaine Suen | $200.00 | 2.50 | | $500.00 | $500.00 | | $500.00 | |
| 01/19/2024 | Elaine Suen | $200.00 | 1.00 | | $200.00 | $200.00 | | $200.00 | |
| 01/20/2024 | Hannah Kramer | $475.00 | 1.10 | | $522.50 | $522.50 | 5% | $496.38 | |
| 01/22/2024 | Adam Cashman | $750.00 | 1.20 | | $900.00 | $900.00 | 5% | $855.00 | |
| 01/22/2024 | Elaine Suen | $200.00 | 1.00 | | $200.00 | $200.00 | | $200.00 | |
| 01/23/2024 | Adam Cashman | $750.00 | 5.20 | | $3,900.00 | $3,900.00 | 5% | $3,705.00 | |
| 01/23/2024 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 01/24/2024 | Adam Cashman | $750.00 | 5.80 | | $4,350.00 | $4,350.00 | 5% | $4,132.50 | |
| 01/25/2024 | Hannah Kramer | $475.00 | 0.10 | | $47.50 | $47.50 | 5% | $45.13 | |
| 01/27/2024 | Hannah Kramer | $475.00 | 5.30 | | $2,517.50 | $2,517.50 | 5% | $2,391.63 | |
| 01/28/2024 | Hannah Kramer | $475.00 | 4.80 | | $2,280.00 | $2,280.00 | 5% | $2,166.00 | |
| 01/30/2024 | Adam Cashman | $750.00 | 3.30 | | $2,475.00 | $2,475.00 | 5% | $2,351.25 | |
| 01/30/2024 | Hannah Kramer | $475.00 | 4.70 | | $2,232.50 | $2,232.50 | 5% | $2,120.88 | |
| 01/31/2024 | Adam Cashman | $750.00 | 4.80 | | $3,600.00 | $3,600.00 | 5% | $3,420.00 | |
| 01/31/2024 | Hannah Kramer | $475.00 | 7.50 | | $3,562.50 | $3,562.50 | 5% | $3,384.38 | |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 02/01/2024 | Adam Cashman | $750.00 | 5.40 | | $4,050.00 | $4,050.00 | 5% | $3,847.50 | |
| 02/01/2024 | Hannah Kramer | $475.00 | 5.50 | | $2,612.50 | $2,612.50 | 5% | $2,481.88 | |
| 02/01/2024 | Monica Valdivias | $250.00 | 0.70 | | $175.00 | $175.00 | | $175.00 | |
| 02/02/2024 | Adam Cashman | $750.00 | 5.80 | | $4,350.00 | $4,350.00 | 5% | $4,132.50 | |
| 02/02/2024 | Hannah Kramer | $475.00 | 6.40 | | $3,040.00 | $3,040.00 | 5% | $2,888.00 | |
| 02/03/2024 | Adam Cashman | $750.00 | 2.20 | | $1,650.00 | $1,650.00 | 5% | $1,567.50 | |
| 02/03/2024 | Hannah Kramer | $475.00 | 3.60 | | $1,710.00 | $1,710.00 | 5% | $1,624.50 | |
| 02/05/2024 | Adam Cashman | $750.00 | 0.60 | | $450.00 | $450.00 | 5% | $427.50 | |
| 02/07/2024 | Adam Cashman | $750.00 | 1.10 | | $825.00 | $825.00 | 5% | $783.75 | |
| 02/07/2024 | Elaine Suen | $200.00 | 1.00 | | $200.00 | $200.00 | | $200.00 | |
| 02/07/2024 | Evan Budaj | $605.00 | 5.40 | | $3,267.00 | $3,267.00 | | $3,267.00 | |
| 02/07/2024 | Hannah Kramer | $475.00 | 4.40 | | $2,090.00 | $2,090.00 | 5% | $1,985.50 | |
| 02/08/2024 | Elaine Suen | $200.00 | 1.00 | | $200.00 | $200.00 | | $200.00 | |
| 02/08/2024 | Evan Budaj | $605.00 | 6.30 | | $3,811.50 | $3,811.50 | | $3,811.50 | |
| 02/08/2024 | Hannah Kramer | $475.00 | 2.20 | | $1,045.00 | $1,045.00 | 5% | $992.75 | |
| 02/09/2024 | Adam Cashman | $750.00 | 2.40 | | $1,800.00 | $1,800.00 | 5% | $1,710.00 | |
| 02/09/2024 | Evan Budaj | $605.00 | 3.50 | | $2,117.50 | $2,117.50 | | $2,117.50 | |
| 02/09/2024 | Hannah Kramer | $475.00 | 5.50 | | $2,612.50 | $2,612.50 | 5% | $2,481.88 | |
| 02/09/2024 | Monica Valdivias | $250.00 | 1.50 | | $375.00 | $375.00 | | $375.00 | |
| 02/10/2024 | Adam Cashman | $750.00 | 3.40 | | $2,550.00 | $2,550.00 | 5% | $2,422.50 | |
| 02/10/2024 | Hannah Kramer | $475.00 | 6.20 | | $2,945.00 | $2,945.00 | 5% | $2,797.75 | |
| 02/11/2024 | Adam Cashman | $750.00 | 3.60 | | $2,700.00 | $2,700.00 | 5% | $2,565.00 | |
| 02/11/2024 | Evan Budaj | $605.00 | 1.10 | | $665.50 | $665.50 | | $665.50 | |
| 02/11/2024 | Hannah Kramer | $475.00 | 6.80 | | $3,230.00 | $3,230.00 | 5% | $3,068.50 | |
| 02/11/2024 | Monica Valdivias | $250.00 | 7.20 | | $1,800.00 | $1,800.00 | | $1,800.00 | |
| 02/12/2024 | Adam Cashman | $750.00 | 2.80 | | $2,100.00 | $2,100.00 | 5% | $1,995.00 | |
| 02/12/2024 | Elaine Suen | $200.00 | 4.00 | | $800.00 | $800.00 | | $800.00 | |
| 02/12/2024 | Evan Budaj | $605.00 | 0.80 | | $484.00 | $484.00 | | $484.00 | |
| 02/12/2024 | Hannah Kramer | $475.00 | 3.30 | | $1,567.50 | $1,567.50 | 5% | $1,489.13 | |
| 02/12/2024 | Monica Valdivias | $250.00 | 6.10 | | $1,525.00 | $1,525.00 | | $1,525.00 | |
| 02/16/2024 | Hannah Kramer | $475.00 | 3.30 | | $1,567.50 | $1,567.50 | 5% | $1,489.13 | |
| 02/16/2024 | Monica Valdivias | $250.00 | 3.00 | | $750.00 | $750.00 | | $750.00 | |
| 02/21/2024 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |
| 02/26/2024 | Adam Cashman | $750.00 | 0.80 | | $600.00 | $600.00 | 5% | $570.00 | |
| 02/29/2024 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |
| 02/29/2024 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |
| 03/04/2024 | Adam Cashman | $750.00 | 0.60 | | $450.00 | $450.00 | 5% | $427.50 | |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 03/04/2024 | Hannah Kramer | $475.00 | 1.20 | | $570.00 | $570.00 | 5% | $541.50 | |
| 03/05/2024 | Adam Cashman | $750.00 | 1.80 | | $1,350.00 | $1,350.00 | 5% | $1,282.50 | |
| 03/05/2024 | Hannah Kramer | $475.00 | 2.20 | | $1,045.00 | $1,045.00 | 5% | $992.75 | |
| 03/06/2024 | Hannah Kramer | $475.00 | 3.20 | | $1,520.00 | $1,520.00 | 5% | $1,444.00 | |
| 03/07/2024 | Hannah Kramer | $475.00 | 2.80 | | $1,330.00 | $1,330.00 | 5% | $1,263.50 | |
| 03/08/2024 | Hannah Kramer | $475.00 | 3.80 | | $1,805.00 | $1,805.00 | 5% | $1,714.75 | |
| 03/11/2024 | Hannah Kramer | $475.00 | 2.80 | | $1,330.00 | $1,330.00 | 5% | $1,263.50 | |
| 03/13/2024 | Hannah Kramer | $475.00 | 2.10 | | $997.50 | $997.50 | 5% | $947.63 | |
| 03/13/2024 | Yesul Pae | $405.00 | 2.40 | | $972.00 | $972.00 | | $972.00 | |
| 03/14/2024 | Hannah Kramer | $475.00 | 4.60 | | $2,185.00 | $2,185.00 | 5% | $2,075.75 | |
| 03/15/2024 | Hannah Kramer | $475.00 | 4.00 | | $1,900.00 | $1,900.00 | 5% | $1,805.00 | |
| 03/17/2024 | Adam Cashman | $750.00 | 1.40 | | $1,050.00 | $1,050.00 | 5% | $997.50 | |
| 03/18/2024 | Adam Cashman | $750.00 | 0.70 | | $525.00 | $525.00 | 5% | $498.75 | |
| 03/18/2024 | Hannah Kramer | $475.00 | 2.10 | | $997.50 | $997.50 | 5% | $947.63 | |
| 03/18/2024 | Yesul Pae | $405.00 | 3.00 | | $1,215.00 | $1,215.00 | | $1,215.00 | |
| 03/19/2024 | Adam Cashman | $750.00 | 0.40 | | $300.00 | $300.00 | 5% | $285.00 | |
| 03/19/2024 | Evan Budaj | $605.00 | 5.80 | | $3,509.00 | $3,509.00 | | $3,509.00 | |
| 03/19/2024 | Hannah Kramer | $475.00 | 3.50 | | $1,662.50 | $1,662.50 | 5% | $1,579.38 | |
| 03/19/2024 | Yesul Pae | $405.00 | 2.90 | | $1,174.50 | $1,174.50 | | $1,174.50 | |
| 03/20/2024 | Adam Cashman | $750.00 | 1.80 | | $1,350.00 | $1,350.00 | 5% | $1,282.50 | |
| 03/20/2024 | Evan Budaj | $605.00 | 5.60 | | $3,388.00 | $3,388.00 | | $3,388.00 | |
| 03/20/2024 | Hannah Kramer | $475.00 | 3.60 | | $1,710.00 | $1,710.00 | 5% | $1,624.50 | |
| 03/20/2024 | Monica Valdivias | $250.00 | 2.50 | | $625.00 | $625.00 | | $625.00 | |
| 03/21/2024 | Adam Cashman | $750.00 | 2.80 | | $2,100.00 | $2,100.00 | 5% | $1,995.00 | |
| 03/21/2024 | Evan Budaj | $605.00 | 1.50 | | $907.50 | $907.50 | | $907.50 | |
| 03/21/2024 | Hannah Kramer | $475.00 | 4.10 | | $1,947.50 | $1,947.50 | 5% | $1,850.13 | |
| 03/21/2024 | Monica Valdivias | $250.00 | 0.60 | | $150.00 | $150.00 | | $150.00 | |
| 03/22/2024 | Adam Cashman | $750.00 | 1.60 | | $1,200.00 | $1,200.00 | | $1,140.00 | |
| 03/22/2024 | Evan Budaj | $605.00 | 3.20 | | $1,936.00 | $1,936.00 | | $1,936.00 | |
| 03/22/2024 | Hannah Kramer | $475.00 | 4.40 | | $2,090.00 | $2,090.00 | 5% | $1,985.50 | |
| 03/23/2024 | Adam Cashman | $750.00 | 2.40 | | $1,800.00 | $1,800.00 | 5% | $1,710.00 | |
| 03/23/2024 | Hannah Kramer | $475.00 | 4.80 | | $2,280.00 | $2,280.00 | 5% | $2,166.00 | |
| 03/24/2024 | Adam Cashman | $750.00 | 2.20 | | $1,650.00 | $1,650.00 | 5% | $1,567.50 | |
| 03/24/2024 | Evan Budaj | $605.00 | 1.20 | | $726.00 | $726.00 | | $726.00 | |
| 03/24/2024 | Hannah Kramer | $475.00 | 7.20 | | $3,420.00 | $3,420.00 | 5% | $3,249.00 | |
| 03/25/2024 | Adam Cashman | $750.00 | 2.10 | | $1,575.00 | $1,575.00 | 5% | $1,496.25 | |
| 03/25/2024 | Dana Ruiz | $250.00 | 1.90 | | $475.00 | $475.00 | | $475.00 | |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 03/25/2024 | Elaine Suen | $200.00 | 2.20 | | $440.00 | $440.00 | | $440.00 | |
| 03/25/2024 | Evan Budaj | $605.00 | 1.30 | | $786.50 | $786.50 | | $786.50 | |
| 03/25/2024 | Hannah Kramer | $475.00 | 2.50 | | $1,187.50 | $1,187.50 | 5% | $1,128.13 | |
| 03/27/2024 | Dana Ruiz | $250.00 | 0.20 | | $50.00 | $50.00 | | $50.00 | |
| 04/05/2024 | Dana Ruiz | $250.00 | 0.10 | | $25.00 | $25.00 | | $25.00 | |
| 04/09/2024 | Dana Ruiz | $250.00 | 0.30 | | $75.00 | $75.00 | | $75.00 | |
| 04/16/2024 | Elaine Suen | $200.00 | 0.80 | | $160.00 | $160.00 | | $160.00 | |
| 04/16/2024 | Hannah Kramer | $475.00 | 0.20 | | $95.00 | $95.00 | 5% | $90.25 | |
| 04/19/2024 | Dana Ruiz | $250.00 | 1.00 | | $250.00 | $250.00 | | $250.00 | |
| 04/20/2024 | Adam Cashman | $750.00 | 0.70 | | $525.00 | $525.00 | 5% | $498.75 | |
| 04/21/2024 | Adam Cashman | $750.00 | 1.30 | | $975.00 | $975.00 | 5% | $926.25 | |
| 04/22/2024 | Adam Cashman | $750.00 | 1.80 | | $1,350.00 | $1,350.00 | 5% | $1,282.50 | |
| 04/22/2024 | Elaine Suen | $200.00 | 0.60 | | $120.00 | $120.00 | | $120.00 | |
| 04/23/2024 | Adam Cashman | $750.00 | 3.30 | | $2,475.00 | $2,475.00 | 5% | $2,351.25 | |
| 04/23/2024 | Dana Ruiz | $250.00 | 1.30 | | $325.00 | $325.00 | | $325.00 | |
| 04/23/2024 | Monica Valdivias | $250.00 | 2.00 | | $500.00 | $500.00 | | $500.00 | |
| 04/24/2024 | Adam Cashman | $750.00 | 3.20 | | $2,400.00 | $2,400.00 | 5% | $2,280.00 | |
| 05/07/2024 | Dana Ruiz | $250.00 | 0.20 | | $50.00 | $50.00 | | $50.00 | |
| 06/11/2024 | Dana Ruiz | $250.00 | 0.40 | | $100.00 | $100.00 | | $100.00 | |
| 06/27/2024 | Dana Ruiz | $250.00 | 0.30 | | $75.00 | $75.00 | | $75.00 | |
| 06/28/2024 | Dana Ruiz | $250.00 | 0.60 | | $150.00 | $150.00 | | $150.00 | |
| 07/02/2024 | Dana Ruiz | $187.50 | 0.30 | | $56.25 | $56.25 | | $56.25 | |
| 07/02/2024 | Hannah Kramer | $356.25 | 1.20 | | $427.50 | $427.50 | 5% | $406.13 | |
| 07/08/2024 | Cameron Q Baker | $195.00 | 0.50 | | $97.50 | $97.50 | 100% | $0.00 | Work prior to 10/31/2024 not mentioned in Mr. Cashman's initial declaration. |
| 07/08/2024 | Adam Cashman | $900.00 | 0.60 | | $540.00 | $540.00 | 5% | $513.00 | |
| 07/15/2024 | Adam Cashman | $900.00 | 0.40 | | $360.00 | $360.00 | 5% | $342.00 | |
| 07/16/2024 | Cameron Q Baker | $195.00 | 0.20 | | $39.00 | $39.00 | 100% | $0.00 | Work prior to 10/31/2024 not mentioned in Mr. Cashman's initial declaration. |
| 07/23/2024 | John T Rowe | $690.00 | 0.40 | | $276.00 | $276.00 | 50% | $138.00 | 50% discount for case familiarization. |
| 07/25/2024 | John T Rowe | $690.00 | 2.00 | | $1,380.00 | $1,380.00 | 50% | $690.00 | 50% discount for case familiarization. |
| 07/26/2024 | John T Rowe | $690.00 | 1.40 | | $966.00 | $966.00 | 50% | $483.00 | 50% discount for case familiarization. |
| 07/29/2024 | Adam Cashman | $900.00 | 1.50 | | $1,350.00 | $1,350.00 | 5% | $1,282.50 | |
| 07/29/2024 | John T Rowe | $690.00 | 1.40 | | $966.00 | $966.00 | 50% | $483.00 | 50% discount for case familiarization. |
| 07/31/2024 | John T Rowe | $690.00 | 0.80 | | $552.00 | $552.00 | 50% | $276.00 | 50% discount for case familiarization. |
| 08/01/2024 | John T Rowe | $690.00 | 3.00 | | $2,070.00 | $2,070.00 | 50% | $1,035.00 | 50% discount for case familiarization. |
| 08/02/2024 | John T Rowe | $690.00 | 1.40 | | $966.00 | $966.00 | 50% | $483.00 | 50% discount for case familiarization. |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 08/04/2024 | John T Rowe | $690.00 | 2.10 | | $1,449.00 | $1,449.00 | 50% | $724.50 | 50% discount for case familiarization. |
| 08/05/2024 | John T Rowe | $690.00 | 3.40 | | $2,346.00 | $2,346.00 | 50% | $1,173.00 | 50% discount for case familiarization. |
| 08/06/2024 | John T Rowe | $690.00 | 3.90 | | $2,691.00 | $2,691.00 | 50% | $1,345.50 | 50% discount for case familiarization. |
| 08/07/2024 | John T Rowe | $690.00 | 5.80 | | $4,002.00 | $4,002.00 | 50% | $2,001.00 | 50% discount for case familiarization. |
| 08/07/2024 | Meike McCaw | $150.00 | 0.60 | | $90.00 | $90.00 | 100% | $0.00 | Work prior to 10/31/2024 not mentioned in Mr. Cashman's initial declaration. |
| 08/08/2024 | John T Rowe | $690.00 | 6.80 | | $4,692.00 | $4,692.00 | 50% | $2,346.00 | 50% discount for case familiarization. |
| 08/08/2024 | Adam Cashman | $900.00 | 1.50 | | $1,350.00 | $1,350.00 | 5% | $1,282.50 | |
| 08/09/2024 | John T Rowe | $690.00 | 4.20 | | $2,898.00 | $2,898.00 | 50% | $1,449.00 | 50% discount for case familiarization. |
| 08/12/2024 | Adam Cashman | $900.00 | 1.20 | | $1,080.00 | $1,080.00 | 5% | $1,026.00 | |
| 08/13/2024 | John T Rowe | $690.00 | 2.20 | | $1,518.00 | $1,518.00 | 50% | $759.00 | 50% discount for case familiarization. |
| 08/13/2024 | Priscilla J Chau | $168.75 | 0.80 | | $135.00 | $135.00 | 100% | $0.00 | Work prior to 10/31/2024 not mentioned in Mr. Cashman's initial declaration. |
| 08/13/2024 | Adam Cashman | $900.00 | 0.40 | | $360.00 | $360.00 | 5% | $342.00 | |
| 08/14/2024 | Adam Cashman | $900.00 | 0.30 | | $270.00 | $270.00 | 5% | $256.50 | |
| 08/14/2024 | John T Rowe | $690.00 | 0.70 | | $483.00 | $483.00 | 50% | $241.50 | 50% discount for case familiarization. |
| 08/14/2024 | Priscilla J Chau | $168.75 | 0.40 | | $67.50 | $67.50 | 100% | $0.00 | Work prior to 10/31/2024 not mentioned in Mr. Cashman's initial declaration. |
| 08/19/2024 | Adam Cashman | $900.00 | 0.40 | | $360.00 | $360.00 | 5% | $342.00 | |
| 08/21/2024 | Adam Cashman | $900.00 | 0.30 | | $270.00 | $270.00 | 5% | $256.50 | |
| 09/30/2024 | Adam Cashman | $900.00 | 0.30 | | $270.00 | $270.00 | 100% | $0.00 | Pertains to affirmative case. |
| 09/30/2024 | John T Rowe | $690.00 | 0.30 | | $207.00 | $207.00 | 50% | $103.50 | 50% discount for case familiarization. |
| 10/01/2024 | John T Rowe | $690.00 | 1.10 | | $759.00 | $759.00 | 50% | $379.50 | 50% discount for case familiarization. |
| 10/01/2024 | Blaine Dillingham | $150.00 | 0.30 | | $45.00 | $45.00 | 100% | $0.00 | Work prior to 10/31/2024 not mentioned in Mr. Cashman's initial declaration. |
| 10/01/2024 | Adam Cashman | $900.00 | 0.40 | | $360.00 | $360.00 | 5% | $342.00 | |
| 10/17/2024 | John T Rowe | $690.00 | 0.30 | | $207.00 | $207.00 | 50% | $103.50 | 50% discount for case familiarization. |
| 10/22/2024 | Adam Cashman | $900.00 | 0.70 | | $630.00 | $630.00 | 50% | $315.00 | 50% discount for work related to fee petition. |
| 10/23/2024 | Blaine Dillingham | $150.00 | 0.70 | | $105.00 | $105.00 | 100% | $0.00 | Work prior to 10/31/2024 not mentioned in Mr. Cashman's initial declaration. |
| 11/06/2024 | Adam Cashman | $900.00 | 1.20 | | $1,080.00 | $1,080.00 | 50% | $540.00 | 50% discount for work related to fee petition. |
| 11/07/2024 | Adam Cashman | $900.00 | 2.30 | | $2,070.00 | $2,070.00 | 50% | $1,035.00 | 50% discount for work related to fee petition. |
| 11/08/2024 | Blaine Dillingham | $150.00 | 1.10 | | $165.00 | $165.00 | 50% | $82.50 | 50% discount for work related to fee petition. |
| 11/08/2024 | Adam Cashman | $900.00 | 0.40 | | $360.00 | $360.00 | 50% | $180.00 | 50% discount for work related to fee petition. |
| 11/13/2024 | Kevin Opoku-Gyamfi | $558.75 | 4.40 | | $2,458.50 | $2,458.50 | 50% | $1,229.25 | 50% discount for case familiarization and because work regarded fees petition. |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 11/14/2024 | Kevin Opoku-Gyamfi | $558.75 | 3.80 | | $2,123.25 | $2,123.25 | 50% | $1,061.63 | 50% discount for case familiarization and because work regarded fees petition. |
| 11/15/2024 | Kevin Opoku-Gyamfi | $558.75 | 2.40 | | $1,341.00 | $1,341.00 | 50% | $670.50 | 50% discount for case familiarization and because work regarded fees petition. |
| 11/17/2024 | Kevin Opoku-Gyamfi | $558.75 | 1.40 | | $782.25 | $782.25 | 50% | $391.13 | 50% discount for case familiarization and because work regarded fees petition. |
| 11/18/2024 | Cameron Q Baker | $195.00 | 0.70 | | $136.50 | $136.50 | 50% | $68.25 | 50% discount for work related to fee petition. |
| 11/18/2024 | Blaine Dillingham | $150.00 | 2.70 | | $405.00 | $405.00 | 50% | $202.50 | 50% discount for work related to fee petition. |
| 11/18/2024 | Dalia Fabius | $150.00 | 5.20 | | $780.00 | $780.00 | 50% | $390.00 | 50% discount for work related to fee petition. |
| 11/18/2024 | Kevin Opoku-Gyamfi | $558.75 | 2.80 | | $1,564.50 | $1,564.50 | 50% | $782.25 | 50% discount for case familiarization and because work regarded fees petition. |
| 11/19/2024 | Dalia Fabius | $150.00 | 1.20 | | $180.00 | $180.00 | 50% | $90.00 | 50% discount for work related to fee petition. |
| 11/19/2024 | Cameron Q Baker | $195.00 | 2.90 | | $565.50 | $565.50 | 50% | $282.75 | 50% discount for work related to fee petition. |
| 11/19/2024 | Adam Cashman | $900.00 | 1.40 | 0.40 | $1,260.00 | $900.00 | 5% | $855.00 | Deduction of 0.4 hours that pertain to affirmative case. |
| 11/20/2024 | Blaine Dillingham | $150.00 | 2.10 | | $315.00 | $315.00 | 50% | $157.50 | 50% discount for work related to fee petition. |
| 11/20/2024 | Cameron Q Baker | $195.00 | 2.40 | | $468.00 | $468.00 | 50% | $234.00 | 50% discount for work related to fee petition. |
| 11/20/2024 | Kevin Opoku-Gyamfi | $558.75 | 2.20 | | $1,229.25 | $1,229.25 | 50% | $614.63 | 50% discount for case familiarization and because work regarded fees petition. |
| 11/20/2024 | Adam Cashman | $900.00 | 2.80 | | $2,520.00 | $2,520.00 | 50% | $1,260.00 | 50% discount for work related to fee petition. |
| 11/21/2024 | Blaine Dillingham | $150.00 | 2.20 | | $330.00 | $330.00 | 50% | $165.00 | 50% discount for work related to fee petition. |
| 11/21/2024 | Dalia Fabius | $150.00 | 3.30 | | $495.00 | $495.00 | 50% | $247.50 | 50% discount for work related to fee petition. |
| 11/21/2024 | Adam Cashman | $900.00 | 1.40 | | $1,260.00 | $1,260.00 | 50% | $630.00 | 50% discount for work related to fee petition. |
| 11/21/2024 | Kevin Opoku-Gyamfi | $558.75 | 2.40 | | $1,341.00 | $1,341.00 | 50% | $670.50 | 50% discount for case familiarization and because work regarded fees petition. |
| 12/23/2024 | Adam Cashman | $900.00 | 1.30 | | $1,170.00 | $1,170.00 | 50% | $585.00 | 50% discount for work related to fee petition. |
| 12/23/2024 | Kevin Opoku-Gyamfi | $558.75 | 0.80 | | $447.00 | $447.00 | 50% | $223.50 | 50% discount for case familiarization and because work regarded fees petition. |
| 12/26/2024 | Khadia Okai-Koi | $150.00 | 2.30 | | $345.00 | $345.00 | 50% | $172.50 | 50% discount for work related to fee petition. |
| 12/27/2024 | Blaine Dillingham | $150.00 | 0.80 | | $120.00 | $120.00 | 50% | $60.00 | 50% discount for work related to fee petition. |
| 12/27/2024 | Adam Cashman | $900.00 | 0.40 | | $360.00 | $360.00 | 50% | $180.00 | 50% discount for work related to fee petition. |
| 12/27/2024 | Kevin Opoku-Gyamfi | $558.75 | 5.10 | | $2,849.63 | $2,849.63 | 50% | $1,424.81 | 50% discount for case familiarization and because work regarded fees petition. |
| 12/28/2024 | Kevin Opoku-Gyamfi | $558.75 | 4.70 | | $2,626.13 | $2,626.13 | 50% | $1,313.06 | 50% discount for case familiarization and because work regarded fees petition. |
| 12/30/2024 | Blaine Dillingham | $150.00 | 2.50 | | $375.00 | $375.00 | 50% | $187.50 | 50% discount for work related to fee petition. |

| Entry Date | Timekeeper | Rate | Hours | Hours Deducted | Original Amount | Amount After Time Deduction | Discount Percentage | Amount to Award | Reason for Deduction or Discount |
|---|---|---|---|---|---|---|---|---|---|
| 12/30/2024 | Kevin Opoku-Gyamfi | $558.75 | 4.20 | | $2,346.75 | $2,346.75 | 50% | $1,173.38 | 50% discount for case familiarization and because work related to fee petition. |
| 12/31/2024 | Blaine Dillingham | $150.00 | 1.60 | | $240.00 | $240.00 | 50% | $120.00 | 50% discount for work related to fee petition. |
| 12/31/2024 | Kevin Opoku-Gyamfi | $558.75 | 5.20 | | $2,905.50 | $2,905.50 | 50% | $1,452.75 | 50% discount for case familiarization and because work regarded fees petition. |
| 01/01/2025 | Blaine Dillingham | $150.00 | 0.60 | | $90.00 | $90.00 | 50% | $45.00 | 50% discount for work related to fee petition. |
| 01/01/2025 | Kevin Opoku-Gyamfi | $558.75 | 5.70 | | $3,184.88 | $3,184.88 | 50% | $1,592.44 | 50% discount for case familiarization and because work regarded fees petition. |
| 01/02/2025 | Adam Cashman | $900.00 | 1.70 | | $1,530.00 | $1,530.00 | 50% | $765.00 | 50% discount for work related to fee petition. |
| 01/02/2025 | Kevin Opoku-Gyamfi | $558.75 | 1.30 | | $726.38 | $726.38 | 50% | $363.19 | 50% discount for case familiarization and because work regarded fees petition. |
| 01/03/2025 | Khadia Okai-Koi | $150.00 | 0.70 | | $105.00 | $105.00 | 50% | $52.50 | 50% discount for work related to fee petition. |
| 01/03/2025 | Kevin Opoku-Gyamfi | $558.75 | 6.80 | | $3,799.50 | $3,799.50 | 50% | $1,899.75 | 50% discount for case familiarization and because work regarded fees petition. |
| 01/04/2025 | Adam Cashman | $900.00 | 0.80 | | $720.00 | $720.00 | 50% | $360.00 | 50% discount for work related to fee petition. |
| 01/06/2025 | Khadia Okai-Koi | $150.00 | 2.80 | | $420.00 | $420.00 | 50% | $210.00 | 50% discount for work related to fee petition. |
| 01/06/2025 | Adam Cashman | $900.00 | 1.10 | | $990.00 | $990.00 | 50% | $495.00 | 50% discount for work related to fee petition. |
| 02/25/2025 | Adam Cashman | $900.00 | 1.30 | | $1,170.00 | $1,170.00 | 50% | $585.00 | 50% discount for work related to fee petition. |
| 02/26/2025 | Blaine Dillingham | $150.00 | 0.40 | | $60.00 | $60.00 | 50% | $30.00 | 50% discount for work related to fee petition. |
| 02/27/2025 | Adam Cashman | $900.00 | 1.10 | | $990.00 | $990.00 | 50% | $495.00 | 50% discount for work related to fee petition. |
| 02/28/2025 | Adam Cashman | $900.00 | 1.30 | 0.90 | $1,170.00 | $360.00 | 50% | $180.00 | Reduced because pertains to affirmative case; further discounted by 50% because some work relates to fee petition. |
| 03/04/2025 | Adam Cashman | $900.00 | 1.40 | | $1,260.00 | $1,260.00 | 50% | $630.00 | 50% discount for work related to fee petition. |
| 03/04/2025 | Blaine Dillingham | $150.00 | 1.00 | | $150.00 | $150.00 | 50% | $75.00 | 50% discount for work related to fee petition. |
| 03/06/2025 | Blaine Dillingham | $150.00 | 0.40 | | $60.00 | $60.00 | 50% | $30.00 | 50% discount for work related to fee petition. |
| 03/07/2025 | Blaine Dillingham | $150.00 | 0.30 | | $45.00 | $45.00 | 50% | $22.50 | 50% discount for work related to fee petition. |
| 03/07/2025 | Adam Cashman | $900.00 | 1.40 | | $1,260.00 | $1,260.00 | 50% | $630.00 | 50% discount for work related to fee petition. |
| | | | | **TOTALS:** | **$559,643.75** | | | **$492,510.13** | |

## APPENDIX B: Costs

This appendix shows Alchemy's costs, as contained in a hidden column of the spreadsheet submitted by Alchemy for in-camera review; the amount claimed by Alchemy as shown in Docket No. 168-1, at 22–24; and whether the amount claimed represents a claim for Alchemy's full cost.

| Entry Date | Description | Cost | | Amount Claimed | | Seeking Full Cost? |
|---|---|---|---|---|---|---|
| 2/13/2023 | Nevada Secretary of State fee for Lan Global data report filings. | $ | 25.00 | $ | 12.50 | |
| 2/13/2023 | Nevada Secretary of State fee for Lan Global's business entity filed documents. | $ | 12.00 | $ | 6.00 | |
| 3/1/2023 | USPS delivery of chambers copies of Alchemy's Motion to Dismiss, with 4107584-2.pdf supporting documents, to Judge Kelly. | $ | 12.55 | $ | 6.28 | |
| 3/31/2023 | Logikcull E-Discovery Hosting and Database Management Fee for March 2023. | $ | 263.25 | $ | 131.63 | |
| 4/10/2023 | Digital One blowback, assembly and delivery of Alchemy's Motion to Dismiss with supporting documents identified by A. Cashman for his review. | $ | 69.09 | $ | 34.55 | |
| 4/16/2023 | Original and certified transcript for 4/13/23 hearing regarding Alchemy's Motion to Dismiss. | $ | 227.95 | $ | 113.98 | |
| 4/30/2023 | Logikcull E-Discovery Hosting and Database Management Fee for April 2023. | $ | 1,234.24 | $ | 617.12 | |
| 5/31/2023 | Logikcull E-Discovery Hosting and Database Management Fee for May 2023. | $ | 1,451.25 | $ | 725.63 | |
| 6/30/2023 | Logikcull E-Discovery Hosting and Database Management Fee for June 2023. | $ | 250.25 | $ | 125.13 | |
| 7/31/2023 | Logikcull E-Discovery Hosting and Database Management Fee for July 2023. | $ | 252.75 | $ | 126.38 | |
| 8/7/2023 | FedEx overnight shipping costs for chambers copies of Alchemy's Response to Lan's Objections to Report and Recommendation for Judge Kelley. | $ | 32.42 | $ | 16.21 | |
| 8/11/2023 | A&A Legal personal service of Alchemy's Subpoena to Testify at a Deposition in a Civil [Alchemy].pdf Action to E. Forster. | $ | 413.00 | $ | 206.50 | |
| 8/31/2023 | Logikcull E-Discovery Hosting and Database Management Fee for August 2023. | $ | 251.00 | $ | 125.50 | |
| 9/18/2023 | Digital One blowback, assembly and delivery of documents for Alchemy's Deposition of S. Mehrian identified by A. Cashman for his review. | $ | 111.16 | $ | 55.58 | |
| 9/24/2023 | Alaska airfare to/from Los Angeles to attend deposition of S. Mehrian. | $ | 308.90 | $ | 154.45 | |
| 9/27/2023 | JetBlue airfare for A. Cashman and H. Kramer to attend depositions of J. Murdock and G. Noone. | $ | 1,627.80 | $ | 813.90 | |
| 9/28/2023 | Digital One blowback, assembly and delivery of exhibits related to Alchemy's Deposition of S. Mehrian identified by A. Cashman for his review. | $ | 370.02 | $ | 185.01 | |

| Entry Date | Description | Cost | | Amount Claimed | | Seeking Full Cost? |
|---|---|---|---|---|---|---|
| 9/28/2023 | FedEx overnight shipping costs for copies of exhibits for Alchemy's Deposition of S. 82287.pdf Mehrian. | $ | 97.02 | $ | 48.51 | |
| 9/30/2023 | Logikcull E-Discovery Hosting and Database Management Fee for September 2023. | $ | 250.00 | $ | 125.00 | |
| 10/1/2023 | Lyft from airport to hotel - in Los Angeles to attend S. Mehrian deposition. | $ | 44.99 | $ | 22.50 | |
| 10/2/2023 | Uber to hotel for S. Mehrian's deposition. | $ | 55.09 | $ | 27.55 | |
| 10/2/2023 | Uber to SFO to attend S. Mehrlan deposition. | $ | 28.94 | $ | 14.47 | |
| 10/3/2023 | Courtyard by Marriot - hotel stay while in Los Angeles to attend S. Mehrian deposition. | $ | 312.58 | $ | 156.29 | |
| 10/3/2023 | Courtyard by Marriot - hotel stay while in Los Angeles to attend S. Mehrian deposition. | $ | 334.11 | $ | 167.06 | |
| 10/3/2023 | Uber to hotel following K. Mehrian's deposition. | $ | 51.58 | $ | 25.79 | |
| 10/3/2023 | Uber to LAX following K. Mehrian's deposition. | $ | 65.71 | $ | 32.86 | |
| 10/8/2023 | Lyft from airport to hotel - in Boston to attend depositions of G. Noone and J. Murdock. | $ | 49.78 | $ | 24.89 | |
| 10/11/2023 | Lyft from depositions to airports - in Boston to attend depositions of G. Noone and J. Murdock. | $ | 33.04 | $ | 16.52 | |
| 10/11/2023 | Lyft from airport to hotel - returning from Boston where attended depositions of G. Noone and J. Murdock. | $ | 34.88 | $ | 17.44 | |
| 10/12/2023 | Courtyard by Marriott hotel rooms for clients and counsel. | $ | 1,583.74 | $ | 791.87 | |
| 10/12/2023 | Courtyard by Marriott hotel rooms for clients and counsel. | $ | 1,593.75 | $ | 796.88 | |
| 10/12/2023 | Uber home following depositions in Boston. | $ | 37.94 | $ | 18.97 | |
| 10/12/2023 | Uber to airport following depositions In Boston. | $ | 25.62 | $ | 12.81 | |
| 10/16/2023 | Digital One blowback, assembly and delivery of exhibits related to Alchemy's Deposition of K. Mehrian identified by A. Cashman for his review. | $ | 95.59 | $ | 47.80 | |
| 10/16/2023 | Veritext transcript and real time seivices for the deposition of S. Mehrian. | $ | 6,324.05 | $ | 3,162.03 | |
| 10/20/2023 | Rosemary F. Grogan court reporting seivices and deposition transcript of J. Murdock. | $ | 1,020.00 | $ | 510.00 | |
| 10/20/2023 | Rosemary F. Grogan court reporting services and deposition transcript of G. Noone. | $ | 1,211.25 | $ | 605.63 | |
| 10/31/2023 | Aptus original and certified copy of transcript of K. Mehrian's deposition. | $ | 2,662.79 | $ | 1,331.40 | |

| Entry Date | Description | Cost | Amount Claimed | Seeking Full Cost? |
|---|---|---|---|---|
| 10/31/2023 | Veritext deposition transcript and real time services for the deposition of E. Forster. | $ 5,101.70 | $ 2,550.85 | |
| 11/2/2023 | Original and certified transcript for 11/2/23 hearing regarding Lan's Motion to Compel. | $ 300.00 | $ 300.00 | TRUE |
| 12/1/2023 | Logikcull E-Discovery Hosting and Database Management Fee for October 2023. | $ 250.00 | $ 125.00 | |
| 12/7/2023 | Digital One blowback, assembly, and delivery of Lan's Expert Disclosures and Reports for A. Cashman's review. | $ 66.10 | $ 66.10 | TRUE |
| 12/22/2023 | Original and certified transcript for 12/19/23 Status Conference hearing. | $ 168.00 | $ 84.00 | |
| 12/28/2023 | Logikcull E-Discovery Hosting and Database Management Fee for November 2023. | $ 250.00 | $ 125.00 | |
| 12/31/2023 | Logikcull E-Discovery Hosting and Database Management Fee for December 2023. | $ 250.00 | $ 125.00 | |
| 1/31/2024 | Logikcull E-Discovery Hosting and Database Management Fee for January 2024. | $ 250.00 | $ 125.00 | |
| 1/31/2024 | Prices, Quality and Trust: Inter Firm Relations in Britain and Japan Cambridge article referenced In expert report of Z. Phlroz. | $ 34.99 | $ 34.99 | TRUE |
| 1/31/2024 | Supply Chain Management in the Electronics Products Industry article referenced in expert report of Z. Phiroz. | $ 44.00 | $ 44.00 | TRUE |
| 2/2/2024 | Digital One blowback, assembly, and delivery of documents identified by A. Cashman for use during the deposition of Z. Phiroz. | $ 148.32 | $ 148.32 | TRUE |
| 2/2/2024 | Uber to airport for Z. Phiroz deposition. | $ 49.94 | $ 49.94 | TRUE |
| 2/2/2024 | Uber to opposing counsel's office for Z. Phiroz deposition. | $ 11.98 | $ 11.98 | TRUE |
| 2/2/2024 | Uber to airport after Z. Phiroz's deposition. | $ 47.96 | $ 47.96 | TRUE |
| 2/2/2024 | Flight to Los Angeles for Z. Phiroz's deposition. | $ 108.10 | $ 108.10 | TRUE |
| 2/7/2024 | Veritext deposition services and transcript of Plaintiff's expert witness J. Luna. | $ 2,877.55 | $ 2,877.55 | TRUE |
| 2/7/2024 | Veritext deposition services and transcript of Plaintiff's expert witness Z. Phiroz. | $ 4,063.65 | $ 4,063.65 | TRUE |
| 2/7/2024 | Esquire deposition services and transcript for the deposition of T. Farmer of PTS Corporation. | $ 444.40 | $ 222.20 | |
| 2/26/2024 | Travel and hotel expense reimbursement for the deposition of Z. Phiroz, per FRCP 26. | $ 1,000.00 | $ 1,000.00 | TRUE |
| 2/29/2024 | Logikcull E-Discovery Hosting and Database Management Fee for February 2024. | $ 250.00 | $ 125.00 | |
| 3/14/2024 | Payment for 5 hours of deposition time of J. Luna on 1/24/24. | $ 2,425.00 | $ 2,425.00 | TRUE |
| 3/31/2024 | Logikcull E-Discovery Hosting and Database Management Fee for March 2024. | $ 250.00 | $ 125.00 | |

| Entry Date | Description | Cost | Amount Claimed | Seeking Full Cost? |
|---|---|---|---|---|
| 4/17/2024 | Digital One printing and delivery of spiral bound notebook of the moving brief, opposition and reply regarding Defendant's Motion for Summary Judgment and spiral bound notebook of the moving brief, opposition and reply regarding Defendant's Motion to Strike Portions of Luna and Phiroz's report. | $ 98.81 | $ 49.41 | |
| 4/23/2024 | Digital One's blowback and assembly of Motion for Summary Judgment Declarations for A. Cashman. | $ 157.26 | $ 78.63 | |
| 5/1/2024 | Logikcull E-Discovery Hosting and Database Management Fee for April 2024. | $ 250.00 | $ 125.00 | |
| 5/7/2024 | Court reporter Marianne Kusa-Ryll's transcription services and transcript of 4/19/24 Motion for Summary Judgment hearing. | $ 262.15 | $ 131.08 | |
| 5/31/2024 | Logikcull E-Discovery Hosting and Database Management Fee for May 2024. | $ 250.00 | $ 125.00 | |
| 6/30/2024 | Logikcull E-Discovery Hosting and Database Management Fee for June 2024. | $ 250.00 | $ 125.00 | |
| 8/1/2024 | Logikcull E-Discovery Hosting and Database Management Fee for July 2024. | $ 250.00 | $ 125.00 | |
| 7/31/2024 | Westlaw; July 2024 | $ 72.41 | $ 36.21 | |
| 7/31/2024 | United Litigation Discover; Invoice No. 41675; July 2024 Hosting Fees | $ 1,566.85 | $ 783.43 | |
| 8/30/2024 | Westlaw August 2024 | $ 534.38 | $ 267.19 | |
| 8/30/2024 | United Litigation Discovery; Invoice No. 41894; August Hosting Fees | $ 1,502.80 | $ 751.40 | |
| 9/1/2024 | United Litigation Discovery; Invoice No. 41578; Project Management Fees | $ 1,290.00 | $ 645.00 | |
| 9/1/2024 | United Litigation Discovery; Invoice No. 41422; Full Tiff Conversion Fees | $ 75.00 | $ 37.50 | |
| 10/28/2024 | Linda A. Walsh; Invoice No. 20240336; Transcript of 10/22 Hearing | $ 138.70 | $ 69.35 | |
| 10/31/2024 | Westlaw October 2024 | $ 191.83 | $ 95.92 | |
| 11/1/2024 | United Litigation Discovery; Invoice No. 42376; Project Management Fees | $ 150.00 | $ 75.00 | |
| 11/1/2024 | United Litigation Discovery; Invoice No. 42174; September 2024 Hosting Fees | $ 1,453.93 | $ 726.97 | |
| 11/30/2024 | United Litigation Discovery; Invoice No. 42778; November 2024 Hosting Fees | $ 77.21 | $ 38.61 | |
| 11/30/2024 | Westlaw; November 2024 | $ 745.66 | $ 372.83 | |
| 11/30/2024 | United Litigation Discovery; Invoice No. 42462; October 2024 Hosting Fees | $ 1,392.20 | $ 696.10 | |
| 12/31/2024 | United Litigation Discovery; Invoice No. 43025; December 2024 Hosting Fees | $ 79.06 | $ 39.53 | |
| | **TOTALS:** | $ 52,005.02 | **$ 31,591.31** | |